Submitted on record and briefs May 4, 1992, affirmed January 20, 1993

STATE OF OREGON,
*Respondent,*

*v.*

JAMES LEROY KIRKPATRICK,
*Appellant.*

(10-90-10484B; CA A70503)

844 P2d 283

David E. Groom, Salem, filed the brief for appellant.

Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Jonathan H. Fussner, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

**DURHAM, J.**

In a trial to the court on stipulated facts, defendant was convicted of delivering heroin. ORS 475.992(1)(a). He appeals, contending that the trial court erred in denying his motion to suppress evidence seized from his car. We affirm.

Officer Thoming gave money to Duckworth, an informant, to purchase heroin from O'Brian and defendant at a shopping center. At the appointed time, defendant arrived, driving his car, with O'Brian as his passenger. He dropped O'Brian off near Duckworth and parked the car 80 to 100 yards away. Duckworth gave something to O'Brian, who returned to and entered defendant's car. O'Brian rejoined Duckworth and handed something to him. Duckworth signaled to Thoming that he had purchased heroin and, by radio, Thoming ordered other officers to arrest O'Brian and defendant. At the same time, defendant left his car and walked to a phone booth. He was arrested 60 feet away from the car. Officers searched him and seized marked money that they had given to Duckworth. They searched the car incident to the arrest and seized heroin and a syringe. They also recovered heroin from Duckworth.

The state argues that the search was valid and that, even if the court erred in denying the motion to suppress, the error was harmless beyond a reasonable doubt because, independent of the evidence defendant seeks to suppress, there is "(1) substantial and convincing evidence of guilt * * * and (2) little, if any, likelihood that the error affected the verdict." *State v. Miller*, 300 Or 203, 220, 709 P2d 225 (1985), *cert den* 475 US 1141 (1986). According to the stipulated facts, O'Brian obtained heroin from defendant and sold it to Duckworth. Police found the money from the sale in defendant's pocket. We conclude, beyond a reasonable doubt, that the evidence that defendant delivered heroin is substantial and convincing and that there is little likelihood that the court's alleged error in denying the motion to suppress affected the verdict.

Affirmed.