# STATE OF OREGON,
*Respondent,*

*v.*

# AURORA GOODWIN,
*Appellant.*

## (93-04-32852; CA A83416)

902 P2d 131

Mary M. Reese, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Ann Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

Defendant was convicted of prostitution and two counts of promoting prostitution. ORS 167.007; ORS 167.012. On appeal, she contends that the court erred in overruling her hearsay objections and in denying her request to compel the police to reveal the identity of informants. We affirm.

■ Because a jury convicted defendant, we view the facts in the light most favorable to the state. *State v. Kolbe*, 115 Or App 268, 270, 838 P2d 612 (1992), *rev den* 315 Or 644 (1993). Over a period of three to four years before February 1992, Portland police sergeant Mosiman received information that prostitution was occurring at defendant's business, Broadway Massage. The information consisted of tips from three informants and a conversation with Vicki Williams, Director of the state Board of Massage Technicians, who told Mosiman that she had received complaints about prostitution at Broadway Massage.

In February, Mosiman went to Broadway Massage to deliver a letter to defendant. The letter stated, in part:

"Portland Police Bureau Drugs and Vice Division has recently investigated three massage parlors * * *. The division has also received complaints from citizens or other information that the Broadway Massage * * * may also be involved in prostitution and/or allowing employees to massage without a license.

"This letter is to notify you, that in the event a police investigation determines that prostitution activity is in fact occurring, proceedings may be commenced to cause the closure of this structure, as well as the imposition of civil penalties against you[.]"

Mosiman spoke with defendant and informed her that prostitution might be occurring at her business and that prostitution would include "hand finishes," a term used for masturbation of a customer. Defendant denied that prostitution activity was occurring at her business.

On April 21, 1993, Portland police detective Pahlke went to Broadway Massage posing as a customer. Pahlke asked for a massage and handed defendant a marked $20 bill. As defendant was leaving the room, Pahlke asked for a "hand

finish." Pahlke testified that defendant replied, "That's fine," or "That's ok," and added, "We need our privacy." She began to close the door, and left the room. Defendant denied hearing Pahlke's request.

Pahlke gave a signal to a waiting police unit whose members executed a search warrant. When defendant saw the police, she dropped the marked $20 bill. In the room, the police found a dildo, explicit magazines, condom boxes and empty condom wrappers. Defendant testified that she kept those for her personal use. The police also found $650 in defendant's purse.

When the warrant was served, the police spoke with Schwartz, a customer who was waiting for a massage. Schwartz admitted that he was there for sexual services, that he had received such services in the past, and that, on at least 10 occasions between January 1, 1991, and April 21, 1993, defendant or an employee had masturbated him after giving him a standard massage. Defendant first denied having seen Schwartz, and then stated that she did not recognize him. The police found defendant's appointment log, in which was listed Schwartz's name, as well as an alias that he used.

Four of defendant's five assignments of error raise the same issue, and we treat them together. ORAP 5.45(6). To prove the charge of promoting prostitution, the state must prove, *inter alia*, that the person "[o]wns, controls, manages, supervises or otherwise maintains a place of prostitution[.]" ORS 167.012(1)(a). As part of its case-in-chief, the state presented evidence through Mosiman that persons had complained to him and to the state massage board that defendant was conducting prostitution at Broadway Massage. Mosiman testified that he had information from an anonymous telephone call, from two informants and from Williams. He did not testify as to what the people had said. Defendant assigns error to the admission of that evidence.[1] She also assigns error to the admission of the warning letter that Mosiman delivered to her.

---

[1] The court overruled defendant's pretrial hearsay objection to that testimony, overruled her objection to the prosecutor's reference to that testimony in opening arguments, and to the testimony from Mosiman during trial.

The court admitted the evidence pursuant to ORS 167.027, which codifies an exception to the rule against hearsay not contained in OEC 803 or OEC 804. ORS 167.027(1) provides:

> "On the issue of whether a place is a place of prostitution as defined in ORS 167.002, its general repute and repute of persons who reside in or frequent the place shall be competent evidence."

Defendant argues that the evidence was not admissible under ORS 167.027. She first contends that none of the evidence was a communication of the opinion of the community, but instead was an opinion of the informant or complainer. Second, she contends that the statute does not permit a witness to testify about some other person's familiarity with the reputation but that that is what happened here: Mosiman did not testify that he was personally familiar with the reputation of defendant's business but, instead, testified that others were familiar with her business. She argues that the letter, with its statements that her business might be involved in prostitution, was also hearsay that was not admissible under ORS 167.027 or under an exception to the hearsay rule.

█ We need not reach the merits of defendant's arguments because the error, if any, was harmless. We must affirm defendant's conviction when there is substantial and convincing evidence of guilt and little, if any, likelihood that the error affected the verdict. *State v. Walton*, 311 Or 223, 230, 809 P2d 81 (1991). Defendant acknowledges that, in addition to reputation, the state could establish that her business was a place of prostitution by proof that prostitution occurred there. That evidence was presented by Pahlke's testimony that he went to Broadway Massage, posing as a customer, told defendant that he wanted to get a "hand finish" to which she answered, "That's fine."

Defendant argues, however, that, although the hearsay evidence did not directly support her conviction, evidence that her business was a place of prostitution bolstered Pahlke's claim that defendant had agreed to masturbate him. However, that was not the only testimony showing that prostitution occurred at Broadway Massage. Schwartz testified that he had been at the business to get massages from

defendant 10 or 12 times, that he paid $30 for a massage, including masturbation by hand, and that he probably would not have gone to defendant for massages if she did not masturbate him to the point of ejaculation.

Additionally, to impeach defendant's testimony that she had never provided sexual services to anyone, the state introduced evidence that the police had used a paid informer to investigate whether defendant was engaging in prostitution at her place of business. The informer went to Broadway Massage five times in 1993, and received sexual stimulation for money. That evidence was used in support of the search warrant. Although defendant argues that that impeachment evidence cannot be viewed as substantive evidence, she did not object to that evidence and, in the absence of an objection, the jury was not limited in how it could consider the evidence. In the light of the evidence that prostitution occurred at defendant's place of business, we conclude that there was little, if any, likelihood that any error in admitting the hearsay evidence as to the reputation of the business affected the verdict. *See State v. Kirkpatrick*, 117 Or App 616, 844 P2d 283 (1993) (alleged error harmless because independent of that evidence was substantial evidence of guilt).

■ Defendant's final assignment of error is that the court erred on cross-examination of Mosiman when it refused to order him to reveal the names of the persons who informed the police that prostitution was occurring at defendant's place of business. She argues that she is asserting her right of confrontation under OEC 510 and constitutional guarantees. US Const, Amend VI; Or Const, Art I, § 11.

Under OEC 510(4)(a), the part of the statute that grants the government a privilege to refuse to disclose the identity of a government informant, no privilege exists if the informant appears as a witness for the government. None of the informants did so here. Defendant acknowledges that that is the case, but argues that, even though they did not testify, the informants "were in effect witnesses against defendant." Relying on cases from other jurisdictions,[2] the

---

[2] Defendant cites *Glover v. State*, 253 Ind 121, 251 NE2d 814 (1969) (when police officer testified that identification of defendant was based on information from informants, defendant was entitled to informants' identity); *State v. McCoy*, 10 Wash App 807, 521 P2d 49 (1974) (state waived privilege against disclosure of informant by

thrust of her argument is that the state used the informants' evidence to establish an element of the crime of promoting prostitution, *i.e.*, that defendant's business was a place of prostitution. Thus, she contends, she had a right to confront those informants.

■     Although defendant argues generally that depriving her of an opportunity to cross-examine the informants deprived her of a fundamental trial right, she has not identified any particular issue, apart from proof that her business was a place of prostitution, on which the informants' identities had any relevance. We have already held that there was overwhelming evidence of that element before the jury. Accordingly, as above, even if defendant's arguments had merit, any error would be harmless. Harmless constitutional error does not require reversal. *See Delaware v. Van Arsdall*, 475 US 673, 684, 106 S Ct 1431, 89 L Ed 2d 674 (1986) (harmless error rule applies to violations of the Sixth Amendment's Confrontation Clause); *Walton*, 311 Or at 230 (stating test for harmless error under Oregon Constitution).

Affirmed.

---

questioning witness as to substance of informer's statements); and *State v. Knox*, 4 Kan App 2d 87, 603 P2d 199 (1979) (when officer used informer's role to bolster other uncorroborated testimony, disclosure of identity should have been made).