Argued and submitted December 7, 2000, affirmed February 21, 2001

## TRAVIS D. PETERSEN,
*Appellant,*

*v.*

## Joan PALMATEER,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

(97C-12551; CA A108297)

19 P3d 364

Steven H. Gorham argued the cause and filed the brief for appellant.

Jennifer Scott Lloyd, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

BREWER, J.

## BREWER, J.

Petitioner appeals from a judgment denying his claims for post-conviction relief. He asserts that the post-conviction trial court erred in receiving evidence, consisting of his former attorney's affidavit and indigent defense billing records, that was shielded from disclosure by the attorney-client privilege.[1] We review for errors of law, ORS 138.220, and affirm.

In 1995, petitioner was charged with aggravated murder and several other offenses arising from a 1992 homicide. Under a plea agreement, petitioner pleaded guilty to one count of aggravated murder and was sentenced to life imprisonment without the possibility of parole. ORS 163.105. After his conviction, petitioner filed this petition for post-conviction relief, alleging that his trial counsel (counsel) provided him with constitutionally inadequate representation. Among other claims, petitioner alleged that counsel (1) did not conduct an adequate investigation because he failed to ascertain the facts and circumstances surrounding the incident and failed to determine if petitioner suffered from a mental disease or defect, which would have been a defense to the crimes with which petitioner originally was charged; (2) allowed petitioner to approve an illegal sentence in the plea agreement; (3) failed to inform petitioner that, as a consequence of his guilty plea, he could not appeal his conviction; (4) failed to ensure that all of the conditions of the plea agreement were put into writing, specifically an alleged agreement whereby the district attorney's office agreed not to prosecute petitioner's spouse in exchange for petitioner's guilty plea; and (5) coerced petitioner into a guilty plea that was not freely, voluntarily, and intelligently made.

At the post-conviction trial, defendant called counsel as a witness. After preliminary questioning, defendant's attorney asked: "Did you discuss with [petitioner] whether he had a history of mental health problems?" Petitioner's post-conviction attorney objected, contending that, in order to answer the question, counsel would be required to divulge

---

[1] Petitioner's remaining assignment of error does not require discussion.

information protected by the attorney-client privilege. Counsel also declined to answer the question because petitioner had not formally waived the privilege. The court asked petitioner whether he asserted an attorney-client privilege, to the extent that he had one, and petitioner responded that he did. The court overruled the objection, ruling that the attorney-client privilege as to the issue of petitioner's mental health history had been waived by the filing of the post-conviction relief petition. Defendant's attorney then asked counsel several more questions pertaining to petitioner's claims that counsel had provided inadequate representation, each of which petitioner's attorney objected to, and each of which counsel declined to answer in the absence of an express waiver of privilege by petitioner.

Petitioner's attorney then requested a continuance of the trial to file a petition for a writ of mandamus with respect to the court's evidentiary ruling. The court granted the continuance, and petitioner filed the petition for a writ of mandamus asking the Supreme Court to direct the trial court to sustain petitioner's objections. The Supreme Court denied the petition by order without opinion.

When the post-conviction trial resumed, no further oral testimony was presented to the court, but both parties submitted exhibits. Defendant offered an affidavit from counsel and billing records relating to his indigent defense services on behalf of petitioner in the underlying criminal proceeding. Petitioner objected to the admission of the affidavit and records on attorney-client privilege grounds. The post-conviction trial court overruled both objections, and it is to those rulings that petitioner assigns error on appeal.

■ We first consider the admissibility of counsel's affidavit, in which he declared that (1) he "fully ascertained the facts and circumstances surrounding the incident giving rise to the charges against [petitioner]"; (2) he "undertook to have [petitioner] evaluated by a qualified mental health practitioner and determined that there was no basis for a mental defect or insanity defense"; (3) he *fully advised [petitioner] as to the ramifications of pleading guilty to aggravated murder under a negotiated sentence including that in so pleading petitioner would not be allowed to appeal his conviction*

(emphasis added); and (4) in his "negotiations with the District Attorney's office regarding petitioner's change of plea[, t]he District Attorney informed me that any negotiations dealing with the petitioner dealt solely with him and his 'wife' was not to be included. *Petitioner was fully advised of the position of the District Attorney's office before entering his plea.*" (Emphasis added.) The parties stipulated that the conversations between petitioner and counsel described in the affidavit occurred while petitioner was in jail and that they were "private and confidential."

Petitioner argues that the mere filing of a petition for post-conviction relief was insufficient to waive the privilege pertaining to the attorney-client communications disclosed in counsel's affidavit. Petitioner relies on OEC 511, which provides:

> "A person upon whom [Rules 503 to 514] confer a privilege against disclosure of the confidential matter or communication waives the privilege if the person or the person's predecessor while holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the matter or communication. This section does not apply if the disclosure is itself a privileged communication. *Voluntary disclosure does not occur with the mere commencement of litigation or, in the case of a deposition taken for the purpose of perpetuating testimony, until the offering of the deposition as evidence.* Voluntary disclosure does occur, as to psychotherapists in the case of a mental or emotional condition and physicians in the case of a physical condition upon the holder's offering of any person as a witness who testifies as to the condition." (Emphasis added.)

In the alternative, petitioner argues that, if the filing of the post-conviction petition was itself sufficient to waive the privilege, the waiver was limited only to the specific allegations in the petition.

Defendant responds that OEC 503(4) governs this case. That rule, which states exceptions to the general rule

that attorney-client communications are privileged,[2] provides, in part:

"(4) There is no privilege under this section:

"* * * * *

"(c) As to a communication relevant to an issue of breach of duty by the lawyer to the client or by the client to the lawyer[.]"

Petitioner replies that OEC 503(4) does not apply in this case, because defendant is his correctional custodian, not his attorney. According to petitioner, OEC 503(4) only is "intended to apply to litigation between attorney and client, such as fee disputes and malpractice actions."

■ The parties frame the decisive question as whether petitioner *waived* the attorney-client privilege. It is axiomatic that "waiver" is the intentional relinquishment of a known right. *Alderman v. Davidson*, 326 Or 508, 513, 954 P2d 779 (1998). As petitioner observes, OEC 511 specifically governs the waiver of evidentiary privileges. Consistent with the ordinary meaning of waiver, OEC 511 provides that the mere commencement of an action does not constitute a "voluntary disclosure" that results in waiver of a privilege. Petitioner asserts that he did not voluntarily disclose any confidential matter or communication when he initiated this action, and thus he did not *waive* the attorney-client privilege within the meaning of OEC 511. If OEC 511 were the controlling rule, petitioner's argument would merit extended consideration.

That rule, however, was inapplicable in this action with respect to any communications that were relevant to a claim that counsel breached a duty toward petitioner. That is so because OEC 503(4)(c) provides a limited *exception* to the attorney-client privilege conferred by OEC 503(2). The exception applies to a specific type of communication: one that is

---

[2] OEC 503(2) provides, in part:

"A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client:

"(a) Between the client * * * and the client's lawyer[.]"

relevant to an issue of breach of duty between attorney and client. Where OEC 503(4)(c) applies, "[t]here is no privilege" under OEC 503(2). Because OEC 511 governs only the waiver of privileges that are *conferred* under OEC 503 to OEC 514, it does not apply to communications covered by OEC 503(4)(c). For the following reasons, we agree with defendant that OEC 503(4)(c) applied to the communications disclosed in counsel's affidavit and that, as a consequence, OEC 511 did not.

At the outset, we pause to affirm a point that the parties appear to have taken for granted, namely, that petitioner's claims that counsel inadequately represented him in the underlying criminal prosecution raised issues of "breach of duty" within the meaning of OEC 503(4)(c). Because it is beyond dispute that an attorney's failure to represent a client adequately in keeping with constitutional demands amounts to a breach of duty toward the client, we need not engage in extended statutory analysis in order to so conclude. *See Krummacher v. Gierloff*, 290 Or 867, 873, 627 P2d 458 (1981) (describing an attorney's failure to represent an accused adequately as a " 'breach of his legal duty faithfully to represent his client's interests' " (quoting *U.S. v. Reincke*, 383 F2d 129, 132 (2d Cir 1967)). Each of petitioner's claims of inadequate representation by counsel alleged issues of breach of duty covered by OEC 503(4)(c).

We also need not dwell at length on petitioner's contention that OEC 503(4)(c) is inapplicable because counsel was not a party to this action. Petitioner is mistaken. The application of the rule is not limited to actions in which attorney and client are formal party opponents. To the contrary, it applies to *all* actions, suits and proceedings. OEC 101(3) (OEC 503 to OEC 514, relating to privileges, "apply at all stages of all actions, suits and proceedings"). Therefore, OEC 503(4)(c) applied to the attorney-client communications disclosed in counsel's affidavit in this action *if* the communications were relevant to petitioner's breach of duty claims.

Petitioner argues that we must narrowly construe any exception to the attorney-client privilege because it is the most venerable privilege known in the common law, and its restriction should never be taken lightly. Despite the

abstract appeal of his point,[3] petitioner fails to identify any disclosure in counsel's affidavit that was not relevant to an issue of breach of duty alleged in the petition for post-conviction relief. Nor can we identify one. Counsel's averment that he advised petitioner of the consequences of his decision to plead guilty refuted petitioner's claim that counsel failed to give him that advice. Likewise, counsel's averment that he advised petitioner before entering a plea that the district attorney would not agree to include petitioner's spouse in the negotiations directly countered petitioner's claim to the contrary. In short, the communications disclosed in counsel's affidavit were relevant to petitioner's breach of duty claims and, therefore, were subject to OEC 503(4)(c).

It is beside the point that petitioner may not have intended to relinquish the attorney-client privilege when he filed his petition. The petition alleged five separate claims — or, in the language of the rule, *issues* — of breach of duty by counsel toward petitioner. Because petitioner asserted those claims throughout the course of the action, including at trial, OEC 503(4)(c) applied to *all* stages of the action. *See* OEC 101(3). The attorney-client privilege did not, at any stage of the action, bar the disclosure of the communications revealed in counsel's affidavit, and, therefore, the post-conviction trial court did not err in overruling petitioner's objection to the affidavit.

■ In his second assignment of error, petitioner asserts that the trial court erred in admitting counsel's indigent defense billing records relating to petitioner's underlying prosecution. Petitioner argues that those records were protected by the attorney-client privilege and, additionally, were privileged under ORS 135.055(3)(a).[4] *See State v. Cunningham*, 161 Or App 345, 352, 985 P2d 827 (1999), *rev den* 331

---

[3] *See generally* Laird C. Kirkpatrick, *Oregon Evidence,* 227 (3d ed 1996).

[4] ORS 135.055(3)(a) provides:

"A person determined to be eligible for appointed counsel is entitled to necessary and reasonable expenses for investigation, preparation and presentation of the case. The person or the counsel for the person may upon written request, *which shall not be disclosed to the district attorney prior to conclusion of the case,* secure approval and preauthorization of payment of such expenses as are necessary and proper in the investigation, preparation and presentation of the case, including but not limited to travel, telephone calls, photocopying or other reproduction of documents, necessary costs associated with obtaining the attendance of witnesses for the defense, expert witness fees and fees for

Or 283 (2000) (interpreting ORS 135.055(3)(a) to mean that indigent defense records are to remain sealed even while a case is on appeal or remand). Defendant responds that (1) any error was harmless because the trial court did not rely on the records in making its decision; (2) the attorney-client privilege does not apply to the records for the same reasons that it does not apply to counsel's affidavit; and (3) ORS 135.055 does not apply in post-conviction proceedings.

■ In ruling on petitioner's motion to reconsider its original decision to admit the records, the post-conviction trial court stated that, "even if this court were mistaken in its interpretation of ORS 135.055, (and [the indigent defense records] should properly be excluded from evidence in this case), it would not change the result in this case." Evidentiary error is not reversible "unless a substantial right of the party is affected." OEC 103(1). Trial court error substantially affects the rights of a party if the outcome of the case either would or may have been different had the error not occurred. *Baker v. English*, 324 Or 585, 590, 932 P2d 57 (1997). In *Haines Com'l Equip. Co. v. Butler*, 268 Or 660, 522 P2d 472 (1974), the Supreme Court held that,

"in a case tried by a court, sitting without a jury, it is assumed that the trial judge disregarded the inadmissible evidence and relied only upon competent evidence as the basis for [its] findings and judgment, unless it reasonably appears from the record that the incompetent evidence influenced the trial court in its decision." *Id.* at 669 (citations omitted).

Here, the trial court expressly stated that it would have reached the same decision had it not admitted the records. Therefore, *if* the court erred in admitting the records, the error was harmless. *See State v. Goodwin*, 136 Or App 356, 360, 902 P2d 131 (1995), *rev den* 322 Or 490 (1996) (holding that no appellate decision on the merits was necessary where alleged trial court error was in any event harmless).

Affirmed.

---

interpreters and assistive communication devices necessary for the purpose of communication between counsel and a client or witness in the case." (Emphasis added.)