No. 904 October 15, 2025 271

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

EDMUND ENRIQUEZ,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
19CV29797; A182192

J. Burdette Pratt, Senior Judge.

Submitted September 9, 2025.

Margaret Huntington and Equal Justice Law filed the brief for appellant. Edmund Enriquez filed the supplemental briefs *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

Affirmed.

**KAMINS, J.**

Petitioner appeals a judgment denying post-conviction relief (PCR) under ORS 138.510(3) and ORS 138.550(3), which apply a two-year statute of limitations to post-conviction claims and prohibit successive post-conviction claims, respectively. Petitioner raises one assignment of error, in addition to several *pro se* assignments of error, arguing his claim falls within the escape clauses of the statutory provisions because he could not have reasonably raised it during his first PCR proceeding or within the two-year limitations period. We affirm.

In the underlying criminal proceeding, petitioner was found guilty of several counts related to sexually abusing G and C when they were both 15 years old. The count related to C included a material element that C was under 16 years old at the time of the offense.

In this successive PCR case, petitioner argues that the prosecution's failure to disclose a missing person report that indicated that C was over 16 at the time of the offense amounted to a *Brady v. Maryland*, 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963) violation. Petitioner contends that his claim qualifies for the escape clause because he was not reasonably able to obtain the report during his original PCR proceeding because neither his PCR counsel nor the original PCR court acted on his request for counsel to investigate the report. The PCR court rejected that argument, concluding that his PCR counsel reasonably could have obtained the missing person report in the original PCR proceeding because petitioner's counsel had actual knowledge of the report during the time that they could have filed an amended petition. Therefore, the PCR court found the claim was successive and untimely, and thus barred by ORS 138.510(3)(b) and ORS 138.550(3).

In his first assignment of error, petitioner argues that the court erred in concluding that his petition was successive and untimely under ORS 138.510(3)(b) and ORS 138.550(3). We review the PCR court judgment for errors of law and are bound by implicit and explicit findings of historical fact provided that there is evidence to support them. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015).

A post-conviction petitioner may file one petition within two years of the date that the conviction becomes final, unless the claim alleged falls within the provisions' escape clauses. ORS 138.510(3); ORS 138.550(3). The escape clauses apply if a petitioner asserts "grounds for relief which could not reasonably have been raised" within the two-year statute of limitations period and "in the original or amended petition." ORS 138.510(3); ORS 138.550(3). We evaluate the escape clause for successive claims based on whether the ground for relief would have been available to petitioner's counsel during the first PCR proceeding. *Gutale v. State,* 364 Or 502, 518, 435 P3d 728 (2019) ("[I]n * * * cases applying the escape clause to the bar on successive petitions, we have considered whether a ground for relief reasonably could have been raised *from the point of view of counsel*." (Internal citations omitted; emphasis added.)). Petitioner asserts that the application of the escape clause should be evaluated from his perspective, rather than counsel's perspective, because he did not have suitable counsel. However, we do not consider the adequacy of counsel in evaluating whether a petition is successive. *See Cunningham v. Premo*, 278 Or App 106, 124-25, 373 P3d 1167, *rev den*, 360 Or 237; 360 Or 422; 360 Or 751 (2016), *cert den*, 580 US 1202 (2017) ("[P]etitioner may not avail himself of the escape clause based on his claim that former post-conviction counsel was inadequate.")

Petitioner next asserts that the *Brady* claim was not available during his initial PCR proceeding because the report was difficult to access without assistance from counsel and it was not clear that the report would be exculpatory. However, petitioner's actions during his first PCR proceeding demonstrate that the *Brady* claim was reasonably available. During petitioner's first PCR proceeding, he filed a motion pursuant to *Church v. Gladden*, 244 Or 308, 417 P2d 993(1966) requesting that the PCR court instruct his counsel to raise a claim that his trial counsel was constitutionally inadequate for failing to obtain court documents and police reports that would have shown C was 16 years old at the time of the incident. The court granted the motion and ordered petitioner's counsel to investigate the claim. Petitioner and his counsel learned of the existence of a missing person report establishing that the incident occurred in

September 2011, during the month that C turned 16 years old. Petitioner then filed a *Church* motion requesting that the court order his counsel to investigate the report further. The court denied the request because it was outside the parameters of a *Church* motion and counsel failed to conduct any further investigation.

In light of that history, petitioner's counsel's awareness of the missing person report, despite counsel's failure to further investigate, demonstrates that the report was reasonably available during his first PCR proceeding. Therefore, petitioner's *Brady* claim is barred under ORS 138.550(3) and does not qualify for the ORS 138.550(3) escape clause. *See Cunningham*, 278 Or App at 123 ("Petitioner cannot avail himself of ORS 138.550(3)'s escape clause merely because [there may have been] additional or superior information to support a *Brady* claim that was already reasonably available to petitioner during his first post-conviction proceeding.").

Petitioner also raises nine *pro se* assignment of errors. His first four *pro se* assignments of error concern the escape clause and fail for the same reason as his counseled assignment—the escape clause does not apply because the *Brady* claim was available during petitioner's initial PCR proceeding.

In petitioner's fifth through seventh *pro se* assignments of error, petitioner argues that the PCR court erred in denying his *Church* motion because the *Church* claims were made "in good faith" and "with merit." We review PCR rulings on *Church* motions for abuse of discretion. *Bogle v. State*, 363 Or 455, 458, 423 P3d 715 (2018).

During his successive PCR proceeding, petitioner filed a *Church* motion to request that the court instruct his counsel to raise additional claims. The PCR court denied the motion, concluding that petitioner did not demonstrate that PCR counsel's refusal to raise the *Church* claims constituted a failure to exercise reasonably professional skill and judgment. On this record, we cannot discern that the PCR court abused its discretion. *See id.* at 476 (holding post-conviction court did not err in denying a petitioner's *Church* motion where the court considered the filings, held

a hearing, listened to petitioner's arguments, and evaluated the argument based on if failure to bring the claims would constitute failure to exercise reasonable professional skill and judgment).

In petitioner's eighth *pro se* assignment of error, petitioner argues that the PCR court erred by holding a separate trial on the successive claim issue under ORCP 53. We review a court's decision to grant a separate trial under ORCP 53 for abuse of discretion. *Taylor v. Ramsay-Gerding Construction Co.*, 233 Or App 272, 292, 226 P3d 45, *adh'd to as modified on recons*, 235 Or App 524, 234 P3d 129 (2010).

Because PCR cases are civil cases, the Oregon Rules of Civil Procedure apply unless the post-conviction statutes state otherwise. *Ogle v. Nooth*, 365 Or 771, 781, 452 P3d 1274 (2019). ORCP 53 allows a court to grant a separate trial on any issue "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy * * *." ORCP 53 B. Therefore, the PCR court did not err by holding a separate trial under ORCP 53.

In petitioner's ninth *pro se* assignment of error, petitioner challenges the PCR court's factual finding that "[C]'s trial testimony and her recorded interview at CARES (Child Abuse Center) corroborated [G]'s statements concerning the sexual abuse against them when they were 15." We do not reach the merits on this claim. Appeals are only available where a decision would affect the substantial rights of a party such that "the outcome of the case either would or may have been different had the error not occurred." *Petersen v. Palmateer*, 172 Or App 537, 545, 19 P3d 364, *rev den*, 332 Or 326 (2001). The PCR court's description of the underlying criminal proceeding does not impact the outcome in this case, and therefore, any error does not affect the substantial rights of a party. *See id.* ("[N]o appellate decision on the merits was necessary where alleged trial court error was in any event harmless[.]" (Explaining *State v. Goodwin*, 136 Or App 356, 360, 902 P2d 131 (1995), *rev den*, 322 Or 490 (1996).)).

Affirmed.