Argued and submitted November 12, 2008, affirmed April 8, 2009

Kenneth CHARLES,
*Plaintiff-Appellant,*

*v.*

Andres PALOMO, Jr.,
*Defendant-Respondent.*

Marion County Circuit Court
04C17458; A133122

206 P3d 200

Conrad E. Yunker argued the cause for appellant. With him on the briefs were Conrad E. Yunker, P.C., Thomas A. Melville, and Thomas Melville, PC.

Thomas M. Christ argued the cause for respondent. With him on the brief was Cosgrave Vergeer Kester LLP.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

EDMONDS, P. J.

## EDMONDS, P. J.

Plaintiff appeals in this personal injury case following a jury verdict in favor of defendant. He contends that the trial court erred when it denied him the opportunity to reply to defendant's closing argument at the end of the trial pursuant to ORCP 58 B(6). Because we conclude that the error claimed by plaintiff was not preserved below and should not be reviewed as plain error, ORAP 5.45, we affirm.

At the end of the jury trial, plaintiff and defendant presented closing arguments to the jury. Immediately thereafter, the court began to instruct the jury. At that point in time, the following exchange occurred between plaintiff's counsel and the court:

"THE COURT:   Thank you. Members of the jury, at this time we will give you jury instructions.

"[PLAINTIFF'S COUNSEL]:   Rebuttal, Your Honor?

"THE COURT:   Approach

   "(whispered) You don't get any.

   (Pause)

"[PLAINTIFF'S COUNSEL]:   (whispered) Okay.

   "(Pause)

   "(whispered) Thank you.

   "(Pause)

   "(Unintelligible).

"THE COURT:   (whispered) I can certainly do that."

At the conclusion of the foregoing exchange, the court proceeded to instruct the jury. After deliberating, the jury returned a verdict for defendant, finding that he did not negligently cause damage to plaintiff. This appeal followed.

On appeal, plaintiff argues that "[t]he trial court erred in denying plaintiff the opportunity to reply to defendant's closing argument in the absence of a record statement of 'good cause' to depart from the requirements of ORCP 58 B(6)." Defendant responds that plaintiff did not preserve his claim of error in the trial court as required by ORAP 5.45(1),

but rather acquiesced to the court's ruling. Plaintiff counters that, although he made no formal objection to the court's ruling, the exchange between court and counsel was the functional equivalent of an objection. We agree with defendant's argument for the following reasons.

Two rules of law potentially inform the outcome of this appeal. ORCP 58 B(6) provides:

> "When the evidence is concluded, unless the case is submitted by both sides to the jury without argument, the plaintiff shall commence and conclude the argument to the jury. The plaintiff may waive the opening argument, and if the defendant then argues the case to the jury, the plaintiff shall have the right to reply to the argument of the defendant, but not otherwise."

Pursuant to ORAP 5.45(1), "[n]o matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court * * *." *See also Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380, 823 P2d 956 (1991) (providing that, in general, an issue must have been preserved before the trial court for the appellate court to consider it on appeal). To preserve a claim of error for appeal, a party must provide the trial court with a specific enough explanation of his position "to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). The purpose of this requirement is " 'to advance goals such as ensuring that the positions of the parties are presented clearly to the initial tribunal and that parties are not taken by surprise, misled, or denied an opportunity to meet an argument.' " *Northwest Natural Gas Co. v. Chase Gardens, Inc.*, 328 Or 487, 500, 982 P2d 1117 (1999) (quoting *Davis v. O'Brien*, 320 Or 729, 737, 891 P2d 1307 (1995)).

Thus, before we can determine whether plaintiff was entitled to rebuttal argument under ORCP 58 B(6), we must first decide whether the issue framed on appeal by plaintiff was preserved under ORAP 5.45. The threshold issue is whether plaintiff's counsel's statements to the trial court were clear enough to afford the court the opportunity to identify its alleged error and correct the error immediately, if

appropriate. Plaintiff's counsel merely requested rebuttal argument. The court responded, "You don't get any." The response constituted a denial of plaintiff's request for rebuttal argument. In turn, however, counsel failed to draw the court's attention to the provisions of ORCP 58 B(6), and explain his interpretation of the rule, or otherwise disagree with the court's ruling. Rather, he responded, "Okay." Counsel's response could be reasonably understood to mean either that he agreed with the court's ruling or that, in the words of plaintiff, "it signaled acknowledgement and obedience to the court."

Our reasoning in *State v. Taylor*, 198 Or App 460, 108 P3d 682, *rev den*, 339 Or 66 (2005), informs the resolution of the issue in this case. In that case, relating to the imposition of consecutive sentences, the defendant had argued to the trial court at sentencing that it was "outside the court's authority" to impose such sentences where the "aggravating factors were not pled in the indictment" and that, "[g]ranted, [defendant] did not go to a trial by jury, but had he, the jury should be the one to decide any aggravating factors that affect his sentence." *Id.* at 465 (emphasis and boldface omitted). After the trial court imposed consecutive sentences, the defendant appealed, arguing that his constitutional right to a trial by jury had been violated when the court imposed the sentences. We determined that trial counsel's arguments to the trial court had failed to alert the court to the defendant's position. In light of the manner of counsel's argument, we concluded that "the sentencing court, hearing defense counsel's statement, could have been expected to understand that defendant was *not* contending that he had a right to a jury determination of consecutive sentencing factors[,]" and, therefore, his argument on appeal was not properly preserved. *Id.* at 468 (emphasis in original).

Although it involves different factual circumstances from those presented in this case, *Taylor* underscores the need under ORAP 5.45 for parties to object with sufficient clarity to allow the trial court to understand that an objection is being made on the particular ground subsequently advanced on appeal. Plaintiff's statements to the court were insufficient to inform the court that plaintiff objected to the ruling. Rather, the court could have properly understood

from plaintiff's response that he was no longer contending that he had a right to rebuttal argument, was withdrawing his request, and agreed with the court's ruling, even if plaintiff did not intend that message.[1]

■        Alternatively, plaintiff contends that the court's denial of rebuttal argument is error apparent on the face of the record that we should exercise our discretion to review under ORAP 5.45.

■        For us to consider an unpreserved issue on appeal, the alleged error

> "must be one 'of law'; * * * it must be 'apparent,' *i.e.*, the point must be obvious, not reasonably in dispute; and * * * it must appear 'on the face of the record,' *i.e.*, the reviewing court must not need to go outside the record to identify the error or choose between competing inferences, and the fact constituting the error must be irrefutable."

*Ailes*, 312 Or at 381-82. Furthermore, even if all of the above requirements are met, the court must still exercise its discretion to consider the error and articulate the reasons underlying its decision to do so.

> "This is not a requirement of mere form. A court's decision to recognize unpreserved or unraised error in this manner should be made with utmost caution. Such an action is contrary to the strong policies requiring preservation and raising of error."

*Id.* at 382. In determining whether to exercise discretion and consider an unpreserved error, the court considers such things as

> "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the rule requiring preservation of error have been served in the case in another way[.]"

*Id.* at 382 n 6.

---

[1] *Cf. State v. Doern*, 156 Or App 566, 571-72, 967 P2d 1230 (1998), *rev den*, 328 Or 666 (1999).

Assuming, without deciding, that the trial court's decision was plain error on the face of the record in light of ORCP 58 B(6), it is not an error we choose to exercise our discretion to review under the facts presented here. It is not clear that the error had any effect on the jury's decision that would warrant a new trial in this case. The parties had the opportunity to present all their evidence to the jury, and both sides were allowed to present closing arguments to the jury. In other words, the parties have already had their day in court. Plaintiff asserts that, had he been able to present rebuttal argument, he would have questioned the evidentiary support of a statement made by defense counsel during his closing argument. However, in light of all the evidence presented at trial along with the court's instructions to the jury that it must base its verdict on the evidence and not on the attorneys' statements and that it should rely on its own memory of the testimony in the event of a conflict with the attorneys' characterizations of the evidence, we are not persuaded that the ends of justice would be served by remanding for a new trial in this case. Thus, in light of the circumstances presented in this case, we decline to exercise our discretion and review the alleged error.[2]

Affirmed.

_____

[2] The purpose of this opinion is not to discourage civil discourse in the courtroom between the court and attorneys but to adhere to the principle that it is the responsibility of counsel to make the record for purposes of appeal. For example, counsel could have requested leave of the court to be heard further if he disagreed with the court's observation that "[y]ou don't get any."