Submitted on the briefs December 8, 2009, decision of Court of Appeals reversed;
judgment of circuit court reversed, and case remanded to circuit court for
further proceedings February 19, reconsideration denied April 8, 2010

Stella A. CHARLES,
personal representative for the
Estate of Kenneth Charles, deceased,
*Petitioner on Review,*

*v.*

Andres PALOMO, Jr.,
*Respondent on Review.*

(CC 04C17458; CA A133122; SC S057493)

227 P3d 737

Conrad E. Yunker, Conrad E. Yunker, P.C., Salem, filed the brief for petitioner on review. With him on the brief was Thomas Melville.

Thomas M. Christ, Cosgrave Vergeer Kester LLP, Portland, filed the brief for respondent on review.

Cody Hoesly, Larkins Vacura LLP, Portland, filed a brief for *amicus curiae* Oregon Trial Lawyers Association.

BALMER, J.

**BALMER, J.**

The issue in this personal injury action is whether, in a jury trial, a plaintiff is entitled to both an initial closing argument and an opportunity to rebut the defendant's closing argument. Plaintiff filed this action for negligence against defendant after the parties were involved in a car accident. At the end of the jury trial, plaintiff presented an initial closing argument to the jury, and defendant followed with his closing argument. When the trial court began instructing the jury, plaintiff requested an opportunity for a rebuttal argument, which the court denied. After deliberating, the jury returned a verdict for defendant. Plaintiff appealed, arguing that the trial court had erred when it denied him the opportunity to rebut defendant's closing argument. The Court of Appeals affirmed, concluding that plaintiff had failed to preserve the issue. *Charles v. Palomo*, 227 Or App 335, 206 P3d 200 (2009). We allowed review and now reverse the decision of the Court of Appeals and the judgment of the trial court.

In his action, plaintiff alleged that defendant had negligently caused a car accident and that plaintiff had suffered injuries as a result. At the jury trial, the parties testified regarding the details of the accident. Plaintiff testified that he had been driving in his truck along the highway at night during a heavy rain when there was a car accident in front of him. To avoid the accident, he tapped on his brakes and began slowing down. "About a couple seconds" after that, defendant rear-ended plaintiff's truck. Plaintiff testified that his headlights and taillights were in good working condition and were turned on at the time of the accident.

Defendant told a different story. He testified that he was attempting to pass a semi-truck as he was cresting a hill. After he drove down the hill, defendant's car and the semi-truck both hit puddles of water, covering his windshield and blocking his view for several seconds. Defendant testified that plaintiff's truck was stalled in the roadway and that, by the time defendant was able to see the truck, "[t]here was nothing [he] could do but hit it." When plaintiff's counsel asked defendant how he knew that the truck had been stalled, defendant responded, "The police officer that took the

report told me that [plaintiff] told him that." Defendant also testified that he did not remember seeing any lights on plaintiff's truck before or after the collision.

At the close of the evidence, plaintiff's counsel presented his closing argument to the jury. Defense counsel then presented his closing argument. Immediately thereafter, the court began to instruct the jury, and the following exchange ensued:

"[PLAINTIFF'S COUNSEL]:   Rebuttal, Your Honor?

"THE COURT:   Approach.

"(whispered) You don't get any.

"(Pause)"

The court then showed plaintiff a copy of ORCP 58 B(6), which we set out and discuss in detail below.[1] Plaintiff then responded:

"[PLAINTIFF'S COUNSEL]:   (whispered) Okay.

"(Pause)

"(whispered) Thank you.

"(Pause)

"(Unintelligible).

---

[1] The trial record itself does not demonstrate that the court showed plaintiff the rule. However, at the hearing on plaintiff's motion for a new trial, the court explained what happened at trial as follows:

"I began reading jury instructions. [Plaintiff's attorney] said, what about my rebuttal. I brought counsel up to the side bar, I did put my hand over the microphone with the intention that the jury not hear our discussion because it was certainly not my intention, you know, to embarrass anybody in front of the jury or have anybody in an awkward position in front of the jury, and I said you don't get one and *I showed [plaintiff's attorney] the rule*, and [plaintiff's attorney] looked at the rule and said okay."

(Emphasis added.) Defendant argues that, in determining what happened at trial, we should consider only the transcript of the trial itself, and not the trial court's statement at the later hearing on plaintiff's motion for a new trial. However, the uncontested record is sufficient to demonstrate that the trial court did show plaintiff the rule at trial. At the hearing on plaintiff's motion for a new trial, defense counsel did not disagree with the foregoing description of what happened at trial. Indeed, defense counsel specifically stated to the court that, at trial, "you showed [plaintiff's counsel] the rule you were relying upon, he said okay." We therefore consider the colloquy that occurred at the hearing on the motion for a new trial inasmuch as it aids us in determining that the trial court showed plaintiff the rule at trial—an action that would not be apparent from the record of the trial itself, which captures only sounds.

"THE COURT: (whispered) I can certainly do that."[2]

Having denied plaintiff's request for rebuttal, the trial court then instructed the jury. The jury deliberated and returned a verdict for defendant.

After the trial court entered judgment for defendant, plaintiff filed a motion for a new trial pursuant to ORCP 64 B,[3] arguing that the trial court had erred in denying plaintiff's rebuttal closing argument. At the hearing on plaintiff's motion, the trial court first ruled that the motion had been "deemed denied" by ORCP 64 F[4] because the court had not ruled on it within 55 days of entry of judgment. The court nonetheless addressed the merits of plaintiff's argument "as a fall-back." The court concluded that plaintiff was not entitled to a rebuttal argument and that, in any event, plaintiff had not properly preserved the issue.

Plaintiff appealed and again argued that the trial court had erred in denying him a rebuttal argument. As noted, the Court of Appeals affirmed, concluding that plaintiff had not properly preserved the issue. The court

---

[2] The original transcript stated only that, after the court asked the parties to approach, there was a "pause," after which the court began instructing the jury. After trial, however, the parties agreed to correct the transcript. We quote the foregoing exchange from the trial court's stipulated order settling the transcript.

[3] ORCP 64 B provides, in part:

"A former judgment may be set aside and a new trial granted in an action where there has been a trial by jury on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"B(1) Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having fair trial.

"* * * * *

"B(3) Accident or surprise which ordinary prudence could not have guarded against.

"* * * * *

"B(6) Error in law occurring at the trial and objected to or excepted to by the party making the application."

[4] ORCP 64 F(1) provides that a motion for new trial "shall be heard and determined by the court within 55 days from the time of the entry of the judgment, and not thereafter, and if not so heard and determined within said time, the motion shall conclusively be deemed denied."

determined that plaintiff had "merely requested rebuttal argument" and had failed to "disagree with the [trial] court's ruling" denying rebuttal. *Charles*, 227 Or App at 339. The Court of Appeals also refused to exercise its discretion to review the error as error apparent on the face of the record, concluding, "It is not clear that the error had any effect on the jury's decision that would warrant a new trial in this case." *Id.* at 341. Plaintiff petitioned for review of the Court of Appeals decision, and we allowed review to consider whether plaintiff was entitled to make a rebuttal closing argument.

On review, plaintiff argues that the text of ORCP 58 B(6) makes clear that plaintiffs are entitled to both an initial closing argument and an opportunity to rebut the defendant's closing argument. Defendant responds that plaintiff failed to preserve the issue in the trial court and that, even if plaintiff preserved the error, any error in denying his rebuttal argument is not reversible error because it did not substantially affect plaintiff's rights.

■ We turn first to defendant's contention that plaintiff failed to preserve his claim that he was entitled to a rebuttal argument. Ordinarily, this court will not consider an issue unless it was first presented to the trial court. ORAP 5.45(1). However, the determination whether a particular issue was preserved for appeal is a "practical one"; it will depend on whether the policies behind the preservation requirement— judicial efficiency, full development of the record, and procedural fairness to the parties and the trial court—are met in an individual case. *State v. Parkins*, 346 Or 333, 340-41, 211 P3d 262 (2009). Therefore, we will review an issue advanced by a party on review as long as that party raised the issue below with enough particularity to assure that the trial court was able to "identify its alleged error" so as to "consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). We conclude that plaintiff did so here.

As noted, when the trial court began instructing the jury, plaintiff interrupted to request rebuttal. With that objection, plaintiff notified the court that he wished to make a rebuttal argument. The court then asked the attorneys to approach the bench. Anticipating plaintiff's objection, the

court had a copy of the rules ready and showed plaintiff ORCP 58 B(6). Thus, although plaintiff did not have a chance to identify the source of his claimed right to rebuttal, the court was aware of it. The foregoing demonstrates that the plaintiff apprised the trial court of the issue (whether plaintiff was entitled to a rebuttal argument) and that the trial court was aware of the source of plaintiff's claimed right (ORCP 58 B(6)). It was not necessary for plaintiff to further expand on his argument and explain the particulars of why he believed that the rule provided him with a right to rebuttal. *See State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988) (raising an issue at trial "ordinarily is essential," identifying a source "less so," and making a particular argument "least" important). Thus, although plaintiff could have pressed his argument before the trial judge and provided a clearer or more detailed record—and it might have been prudent to do so—his objection, given the sequence of events at the close of trial, was sufficient to preserve for appellate review his claim that the trial court erred in not permitting him to make a rebuttal closing argument.

■■    Defendant's preservation argument focuses on what happened after plaintiff raised the issue, namely, that plaintiff said "Okay" after the trial court had denied his request for rebuttal. Defendant argues that plaintiff did not "object to the denial of rebuttal" or "otherwise indicate his opposition to the ruling." Similarly, the Court of Appeals concluded that plaintiff did not preserve his argument because he did not indicate that he "disagree[d] with the court's ruling." *Charles*, 227 Or App at 339. As we explained above, however, after plaintiff's initial closing and defendant's closing, the court immediately began instructing the jury. That was the point at which plaintiff voiced his objection by asking, "Rebuttal, Your Honor?" It was apparent from plaintiff's comment that he disagreed with the trial court's action in proceeding to instruct the jury without giving him the opportunity for rebuttal. The fact that plaintiff made his request politely and did not use the word "objection" does not make his objection inadequate. It is true that plaintiff did not make a further objection to the court's oral *ruling*—denying rebuttal—once that ruling had already been made. But parties are not required to repeat their objections after the trial court has

ruled against them. *See Hitz*, 307 Or at 187 (party did not waive objection by "not pressing it in her oral argument to the trial court").

For the same reason, we disagree with the Court of Appeals' implication that, by saying "Okay," plaintiff effectively withdrew his request for rebuttal. Plaintiff made his objection known to the court when he requested rebuttal; when the court denied his request, plaintiff acknowledged the court's ruling by saying, "Okay. * * * Thank you." He did not withdraw his objection merely because he courteously accepted the court's ruling rather than further express his disagreement with it. *See State v. Fanus*, 336 Or 63, 83, 79 P3d 847 (2003) (decision not to repeat objection does not constitute waiver of objection).[5]

■■ We turn, therefore, to the merits of plaintiff's claim that he was entitled to a rebuttal argument. The Oregon Rules of Civil Procedure control the manner of proceedings in civil actions in circuit court. ORCP 1 A. In particular, ORCP 58 B(6) governs the sequence and timing of the parties' closing arguments. That rule provides:

> "When the evidence is concluded, unless the case is submitted by both sides to the jury without argument, the plaintiff shall commence and conclude the argument to the jury. The plaintiff may waive the opening argument, and if the defendant then argues the case to the jury, the plaintiff shall have the right to reply to the argument of the defendant, but not otherwise."

The first sentence of ORCP 58 B(6) demonstrates that plaintiffs are entitled to rebut defendants' closing arguments. The rule provides that "the plaintiff shall commence

---

[5] Defendant also argues that the record is insufficient for our review because it is "unintelligible" at a "key point in the proceedings." The record indicates that, after plaintiff said "Okay" to the trial court, he said something more because the transcript states that the audiotape is "unintelligible." The trial court then said, "I can certainly do that." Defendant argues that we cannot determine whether the error was preserved without speculating as to what plaintiff said. As described above, however, the record is sufficient to demonstrate that plaintiff adequately raised the issue. Further, the trial court and the parties all later explained their recollection of what had happened at trial, and none remembered plaintiff expressly withdrawing his objection. We will not presume, simply because there is an unintelligible point in the audiotape, that plaintiff expressly withdrew his objection or otherwise directed the trial court away from the issue of rebuttal.

*and* conclude the argument to the jury." (Emphasis added.) In other words, the plaintiff has the right *both* to begin the sequence of closing arguments to the jury and to end the sequence of arguments, "unless the case is submitted by both sides to the jury without argument." That is the only qualification on the plaintiff's right to rebuttal.[6] Thus, because the parties here did not waive argument, the rule recognizes the following sequence of closing arguments: (1) plaintiff's initial closing argument; (2) defendant's closing argument; and (3) plaintiff's rebuttal.

Indeed, our interpretation of ORCP 58 B(6) is so apparent from the text of the rule that this court has accepted that construction with little discussion. In *State v. Stevens*, 311 Or 119, 147-48, 806 P2d 92 (1991), for example, the defendant in a capital case argued that the prosecution should be limited to one closing argument at the penalty phase of trial. This court noted that the identically worded predecessor to ORCP 58 B(6)—*former* ORCP 58 B(4)—applied.[7] Because that rule provided that "the plaintiff shall commence and conclude the argument to the jury," the court concluded that "the state, as the plaintiff, ha[d] the right to present a rebuttal argument." *Id.* at 148. Similarly, in *State v. McNeely*, 330 Or 457, 468, 8 P3d 212 (2000), this court held that *former* ORCP 58 B(4) provided the state with that "right to rebuttal" even on issues for which the state did not bear the burden of proof.

The trial court acknowledged that, "if you just read [the first] sentence [of ORCP 58 B(6)], you could say commence means you make the opening and then you make the last." However, the court concluded that the second sentence foreclosed that interpretation by permitting a plaintiff to make a rebuttal argument if he or she waives the initial closing argument and the defendant then argues the case to the jury, "but not otherwise." Thus, the court determined that "you don't get to reply to the defense closing unless you

---

[6] The trial court may also alter the sequence of events "for good cause stated in the record." ORCP 58 B. Here, however, the trial court simply interpreted the rule as prohibiting plaintiff from making a rebuttal closing argument.

[7] Although *Stevens* was a criminal case, ORS 136.330(1) made certain rules of civil procedure, including *former* ORCP 58 B(4), applicable in criminal proceedings.

waived your opening." The court then explained its interpretation of the first sentence: "[C]ommence and conclude I guess means you get to finish your opening closing argument."[8] We disagree.

As described above, the first sentence of ORCP 58 B(6) describes the ordinary sequence of closing arguments: the plaintiff "commence[s]" closing argument, the defendant presents its closing argument, and the plaintiff "conclude[s]" with a rebuttal argument. The second sentence then provides, "The plaintiff may waive the opening argument, and if the defendant then argues the case to the jury, the plaintiff shall have the right to reply to the argument of the defendant, but not otherwise." The trial court interpreted the second sentence as providing the only situation in which a plaintiff has a right to rebuttal, because of the dependent phrase "but not otherwise." That is, the court concluded that a plaintiff has a right to rebuttal only if he or she first waives the initial closing argument and the defendant then presents a closing argument.

The second sentence of ORCP 58 B(6), however, pertains only to a particular set of circumstances—when the plaintiff has waived the initial closing argument. In *that* situation, the plaintiff may respond to the defendant's argument "if the defendant * * * argues the case to the jury, * * * but not otherwise." Thus, the rule avoids the situation where a plaintiff waives initial closing argument, the defendant then waives argument, and the plaintiff attempts to make the only closing argument under the guise of a rebuttal. When a plaintiff does *not* waive the initial closing argument, the first sentence applies, and the plaintiff is entitled to both commence and conclude closing arguments.[9]

Having concluded that the trial court erred, we turn to whether that error requires reversal. We will reverse a

---

[8] On review, defendant does not argue that the rule should be so interpreted. Instead, he argues only that plaintiff failed to preserve the issue and that any error in denying his rebuttal argument was harmless.

[9] Indeed, the second sentence supports that interpretation, by providing that plaintiffs "may waive the opening argument." It therefore implies that, ordinarily, plaintiffs are entitled to two separate closing arguments—an "opening" closing argument and a rebuttal argument.

trial court's judgment only if the trial court's error "substantially affect[ed] the rights of a party." *See* ORS 19.415(2) (stating standard). For the reasons that follow, we hold that the error here did.

Closing arguments are an integral part of trial. They provide the attorneys with their final opportunity to "persuade the jury to adopt a particular view of the facts." *Ireland v. Mitchell*, 226 Or 286, 295, 359 P2d 894 (1961). It is through closing arguments that the attorneys are able to fully frame the issues and remind the jury of evidence that they may have heard days earlier. Further, arguments give the attorneys a chance to explain the evidence in narrative form. That narrative function of arguments—the opportunity to tell the story of the case—is essential to effective advocacy, and the ability to do so can alter the jury's understanding of the evidence and ultimately change the outcome of a given case.

As noted, here, the issue of liability depended on the jury's credibility determination. The parties disputed whether plaintiff's truck had been stopped on the highway when defendant collided with it; they were the only fact witnesses to testify as to what happened during the accident. Plaintiff testified that he had slowed down and began tapping his brakes when he saw an accident in front of him and that defendant's vehicle had hit plaintiff's truck while it was still moving. Defendant testified that plaintiff's truck had been stalled with no brakes or warning lights and that, once defendant could see plaintiff's vehicle, it was too late to stop.

Much of the closing arguments centered on the parties' testimony and their credibility. At one point, defense counsel explained why the jury should believe defendant's claim that plaintiff's vehicle had stalled on the highway by reminding them of defendant's testimony from the day before:

> "[W]hen [plaintiff's counsel] asked [defendant], well, how do you know he stalled. [Defendant] told you, the police officer told him when he came back down, he talked to [plaintiff] and [plaintiff] told [the police officer] he had stalled. That's how he knows."

Plaintiff's counsel had not attempted to refute that portion of defendant's testimony in his initial closing argument.[10] He argues that, had he been permitted to rebut defendant's argument, he would have taken that opportunity to refute the likely accuracy of defendant's statements. Specifically, he might have pointed out to the jury that defendant did not call the police officer to testify, that plaintiff's alleged statement to the officer was not noted in the police report, and that there was no other evidence to support defendant's claim, even in defendant's deposition. Then, he argues, he could have explained that the jury should not believe defendant's explanation of the police officer's statements without any supporting evidence, because defendant had a motive to make up the story.

Instead of giving plaintiff an opportunity to point out the possible flaws in defendant's argument and reiterate his own explanation of the facts, the court told plaintiff that he was not entitled to further argument. Thus, the last thing that the jury heard before the jury instructions was *defendant's* description of the evidence. The trial court gave defendant an advantage—the final argument before the jury—to which plaintiff had a right under ORCP 58 B(6). Given the importance and persuasive value of closing arguments, as well as the particular missed opportunities in this case, we conclude that the denial of rebuttal argument substantially affected plaintiff's rights.

We conclude that plaintiff adequately preserved his claim and that the trial court erred in denying him the opportunity to present a rebuttal closing argument. Because that error substantially affected plaintiff's rights, we reverse the judgment of the trial court.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

---

[10] Plaintiff concedes that defense counsel's closing argument accurately described defendant's testimony. However, as plaintiff's counsel later explained, he had forgotten about that part of defendant's testimony and so had failed to raise the issue in his initial closing argument.