## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DEBORA KAYE FETZER,
*Defendant-Appellant.*

Washington County Circuit Court
D133419M; A156978

365 P3d 693

Brett Allin, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Peenesh H. Shah, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Sercombe, Presiding Judge, and Tookey, Judge, and Garrett, Judge.

SERCOMBE, P. J.

## SERCOMBE, P. J.

Defendant appeals a judgment of conviction for second-degree criminal mischief. ORS 164.354. On appeal, she asserts that the trial court erred in failing to exclude the victim's testimony regarding the value of the damage to his property "to the extent it was based on [a] body shop's estimate report." The state responds that defendant's argument is unpreserved. We agree with the state that defendant failed to preserve her argument before the trial court and, therefore, affirm.

In this case, defendant intentionally drove her automobile into the victim's vehicle several times following a parking dispute. As a result, she was charged with second-degree criminal mischief. Specifically, pursuant to ORS 164.354, defendant was charged with "unlawfully and recklessly" damaging, "in an amount exceeding five hundred dollars," a vehicle belonging to the victim "by hitting the motor vehicle, [while] having no right to do so nor reasonable grounds to believe that [she] had such right."[1]

The victim received an estimate from a body shop regarding the value of the damage to his vehicle. Before trial, defendant moved to exclude the estimate, taking the "position that the content of that estimate is hearsay." Furthermore, defendant asserted, if the victim "testifies to those statements [in the estimate] for the truth of the matter asserted, that is, the value of the damage, the defense believes that is hearsay and believes it should be excluded." The state responded that it was not planning to "admit the actual exhibit of the estimate, just having [the victim] testify about the value of the damage based on his knowledge of what the value of the damage is." The court agreed with defendant that, although the victim could testify to his opinion "of the value of property, which includes the value of

---

[1] Pursuant to ORS 164.354(1), a person commits criminal mischief in the second degree if

"(a) [t]he person violates ORS 164.345, and as a result therefore, damages property in an amount exceeding $500; or

"(b) [h]aving no right to do so nor reasonable grounds to believe that the person has such right, the person intentionally damages property of another, or, the person recklessly damages property of another in an amount exceeding $500."

damage," the report from the body shop was not admissible as substantive evidence. The court clarified, however, that, if there was "any hint that [the victim's opinion is] somehow inaccurate, that will open the door to the basis of his opinion," in which case the victim could "say he consulted with the body shop without reading the number into the record." It elaborated:

"[The victim] can also say, 'I talked to a body shop,' but not say, 'They told me the value was $567.34.'

"'I talked to a body shop.

"'Do you have an opinion?

"'Yes.

"'What's your opinion?

"'$567.34.'"

Aside from her initial hearsay objection, defendant raised no additional objection and made no additional argument regarding the admission of the evidence.

At trial, during direct examination of the victim, the state questioned the victim regarding the value of the damage to his vehicle:

"Q   And so did you consult with a body shop—

"A   Yes.

"Q   —to fix the car?

"A   Mm-hmm.

"Q   And did you have—based on that, do you have an opinion of the value of the damage?

"A   It's, like, five—$500 and some dollars.

"Q   So over $500?

"A   Yes."

Defendant did not object to the state's questioning or the victim's testimony. Ultimately, the jury found defendant guilty, and this appeal followed.

As noted, defendant asserts on appeal that the victim's testimony regarding the value of the damage to the

vehicle was inadmissible because it was based on the body shop estimate rather than "on any independent personal knowledge." *See* OEC 602 ("[A] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). The state responds that "the record shows that the trial court granted [defendant's] motion to exclude the body shop estimate" and, if the court's ruling failed to address her "concerns, defendant had an obligation to alert the court at that time." In the state's view, under the circumstances of this case, defendant failed to preserve the argument she now makes.

Under ORAP 5.45(1), "[n]o matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court." The "determination whether a particular issue was preserved for appeal is a 'practical one'; it will depend on whether the policies behind the preservation requirement—judicial efficiency, full development of the record, and procedural fairness to the parties and the trial court—are met in an individual case." *Charles v. Palomo*, 347 Or 695, 700, 227 P3d 737 (2010) (quoting *State v. Parkins*, 346 Or 333, 340-41, 211 P3d 262 (2009)). Thus, we will review an issue advanced by a party on appeal when "that party raised the issue below with enough particularity to assure that the trial court was able to 'identify its alleged error' so as to 'consider and correct the error immediately, if correction is warranted.'" *Id.* (quoting *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000)). Defendant's argument to the trial court in this case failed to meet that requirement.

Defendant clearly raised a hearsay objection to the admission of the written body shop estimate. The trial court agreed with defendant's position with respect to the estimate, and ruled that it would not be admitted. In other words, the court granted defendant's motion to exclude that evidence. Defendant's motion did not appear to be addressed to any evidence other than the estimate. Furthermore, when the court noted that the victim, as the owner of the vehicle, was permitted to testify about the value of damage to the property, and would be permitted to refer to the body shop estimate as the basis of his opinion, the defendant did not assert that there was any problem with that. Defendant

never alerted the court or the state, either before or during trial, that it was her view that the victim could not properly testify about the value of damage to the vehicle based on the body shop estimate. Thus, although "parties are not required to repeat their objections after the trial court has ruled against them," *id.* at 701-02, the court in this case, in granting defendant's motion to exclude the estimate, had not been presented with any objection to the evidence defendant now seeks to challenge.

In light of the foregoing, we conclude that defendant failed to preserve the issue she now seeks to advance on appeal, and, accordingly, we do not address it and affirm the judgment of the trial court.

Affirmed.