No. 345 April 16, 2025 779

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Carlos Vincent ROSAN,
*Petitioner-Appellant,*
*and*

Marci Lynn ROSAN,
*Respondent-Respondent.*

Multnomah County Circuit Court
18DR16763; A180466

Morgan Wren Long, Judge.

Submitted January 9, 2024.

Snell & Wilmer LLP, Drew L. Eyman and Kelly H. Dove filed the brief for appellant.

Marci Rosan waived appearance *pro se.*

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this domestic relations proceeding, husband appeals from a general judgment dissolution of marriage, arguing in a single assignment of error that the trial court erred in awarding wife maintenance spousal support. He contends that the amount is beyond his ability to pay and that it was based on speculative future income. For the reasons explained below, we conclude that the claim of error is not preserved, and therefore, we affirm.

As an initial matter, husband asks us to exercise our discretion to review *de novo*, which is a standard reserved for "exceptional cases." *See* ORS 19.415(3)(b); ORAP 5.40(8) (c); *see also* ORAP 5.40(8)(d) (identifying considerations, which are neither exclusive nor binding, that can help decide whether to exercise *de novo* review). We are not persuaded that this is an exceptional case justifying *de novo* review. Accordingly, we decline to exercise our discretion to review this case *de novo*.

Absent *de novo* review, we review the trial court's ruling on spousal support for an abuse of discretion. *Morgan and Morgan*, 269 Or App 156, 157, 344 P3d 81 (2015), *rev den*, 357 Or 595 (2015); *see also* ORS 107.105(1)(d) (providing that a court may award spousal support in "an amount of money for a period of time as may be just and equitable for one party to contribute to the other"). In reviewing the spousal support determination, we are bound by the trial court's findings of historical fact that are supported by any evidence in the record, and we will disturb the court's determination of what constitutes a "just and equitable" amount only if the court "misapplied the statutory and equitable considerations required by ORS 107.105." *Berg and Berg*, 250 Or App 1, 2, 279 P3d 286 (2012). With that standard of review in mind, we set out only a limited recitation of the underlying facts in this nonprecedential memorandum opinion because the parties are familiar with the procedural and background facts.

Husband and wife were married for 42 years. During their dissolution proceeding, wife requested maintenance spousal support from husband. In the dissolution trial that took place over several days, both husband and

wife testified to their current and future earning capacities. Specifically, husband testified about a property that he recently purchased and planned to use as a vacation rental to generate income in the near future. Both parties submitted written closing arguments.

The trial court initially provided an oral ruling, awarding wife maintenance spousal support and concluding that husband earned approximately $2,300 per month in social security and that husband's vacation rental would add to his future earning capacity. The court noted that, although it "is unclear how much [husband] can expect [to earn] once the [rental property] is complete * * * I do feel that there's enough testimony and evidence to make some estimate on that." The court explained that it calculated the future rental earning capacity of the property by multiplying the rental value per night, averaging $450 per night, by an occupancy rate of 50 percent, and reduced the amount by a 30 percent management fee, equaling approximately $4,790.62 per month. The court then awarded wife $2,500 in maintenance spousal support.

After the trial court concluded its oral ruling, the court asked husband if he had any questions or clarifications, and husband did not object or seek clarifications regarding the court's calculation of the future earning capacity:

"THE COURT:   I believe that I covered all of the areas that I was asked to review. [Counsel for husband], do you have any questions or clarifications?

"[HUSBAND'S COUNSEL]:  So you said that [wife] has leave to seek fees under ORCP 68?

"THE COURT:   She does.

"[HUSBAND'S COUNSEL]:   I have no other questions."

After the trial court confirmed that there were no questions or clarifications, the court asked wife's counsel if she would prepare the judgment. She agreed and later submitted a proposed judgment that included the trial court's calculation and explanation of husband's future earning capacity based on the future rental income. Husband's only objection to the proposed judgment was to one specific provision—the inclusion of a life insurance policy—that was not

discussed at trial. The court heard arguments regarding the inclusion of the life insurance provision and ultimately signed the proposed general judgment. This timely appeal follows.

On appeal, husband argues that the trial court erred in awarding wife maintenance spousal support because it is in an amount beyond husband's ability to pay. In his view, the court engaged in impermissible speculation by forecasting future income from the rental property. In particular, husband contends that the daily rental value, occupancy rate, and management fee that the court used are not supported by any evidence.

As a general matter, an issue ordinarily must first be presented to the trial court to be considered on appeal. *See, e.g.*, *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008) (describing the preservation rule and observing that it "gives a trial court the chance to consider and rule on a contention, thereby possibly avoiding an error altogether or correcting one already made, which in turn may obviate the need for an appeal"). To properly preserve a claim of error, a party must provide notice to the trial court with an explanation of the objection "that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). A party is not required to label the notice as an objection. *See Charles v. Palomo*, 347 Or 695, 701-02, 227 P3d 737 (2010) (explaining that the fact that the plaintiff made his request politely and did not use the word "objection" does not make his objection inadequate). Without notice, the opposing party does not have the opportunity to present its position on the potentially objectional issue and the record does not develop as it might have otherwise. *State v. Powell*, 322 Or App 37, 42, 518 P3d 949 (2022). Moreover, a party's failure to provide notice of its objection is "procedurally unfair because the court did not have the benefit of hearing from both sides so that it might correct any error, thereby obviating the need for an appeal on that issue." *Id.*

On appeal, husband contends that he preserved his assignment of error because he asserted in his closing

argument that "spousal support is not appropriate" and that "any income derived from [the rental property] is speculative." For the reasons discussed below, we conclude husband's claim of error is not preserved.

Here, husband did not object when the trial court gave its oral rulings, in which it explained its calculation of husband's future earning capacity regarding the rental property. Further, husband did not object after wife submitted the proposed judgment. As noted above, the trial court heard additional arguments regarding a different objection by husband to the proposed judgment. Although husband summarily argued that spousal support is not appropriate and that rental income is "speculative" in his closing argument, husband never timely objected to the trial court's findings or its calculations with the specificity needed to correct any perceived error or errors. Thus, husband never provided notice to the trial court and wife, as the opposing party, such that wife could have articulated her position on the potential error or errors and the court could have considered and corrected the calculation, if correction was warranted, thereby obviating the need for an appeal. Accordingly, we conclude the error was not preserved for review on appeal.

Affirmed.