Argued and submitted July 8, reversed and remanded on appeal; affirmed on cross-appeal December 8, 1993, reconsideration denied January 26, petition for review denied February 22, 1994 (318 Or 381)

PRECISION LUMBER CO.,
an Oregon corporation,
*Plaintiff,*

*v.*

MARTIN MARIETTA CORPORATION,
a corporation,
and Ground Improvement Techniques, Inc.,
a Florida corporation,
*Defendants,*

*and*

GROUND IMPROVEMENT TECHNIQUES, INC.,
*Respondent - Cross-Appellant,*

*v.*

HUMBERT CONSTRUCTION, INCORPORATED,
an Oregon corporation,
*Appellant - Cross-Respondent.*

(90-63; CA A74919)

865 P2d 376

Thomas M. Christ argued the cause for appellant - cross-respondent. With him on the briefs were Terry M. Weiner and Mitchell, Lang & Smith.

J. William Bennett argued the cause for respondent - cross-appellant. With him on the briefs were Ann H. Morris and Bennett, Yazbeck & O'Halloran, P.C.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Humbert Construction, Inc. (Humbert) appeals from a judgment denying an award of attorney fees. Ground Improvement Techniques, Inc. (GIT) cross-appeals from a judgment denying it relief on its third-party complaint for indemnity. We reverse on the appeal and affirm on the cross-appeal.

The facts are essentially undisputed. In May, 1990, GIT contracted with Humbert to crush rocks on property owned by Martin Marietta Corporation (Marietta). The rock crushing occurred on property adjacent to Precision Lumber Co. (Precision), a manufacturer of lumber. In August, 1990, Precision brought an action against GIT and Marietta, asserting that dust from Humbert's rock crushing operation was settling on its property, damaging its lumber and interfering with its business. GIT filed a third-party complaint against Humbert, alleging that, under its contract with Humbert, it was entitled to indemnification for all damages it might sustain in its defense of Precision's claim.[1] Humbert filed a counterclaim, asserting that it was entitled to prevailing party attorney fees for the claim brought by GIT.

After trial, the court submitted two special verdict forms to the jury. The first asked whether GIT and Marietta were liable to Precision. The other asked whether Humbert was liable to GIT under the indemnity provision if it found GIT liable to Precision. The jury found that GIT and Marietta were not liable to Precision. Because of the form of the special verdicts, the jury did not reach the issue of whether Humbert was liable to GIT on the indemnity claim.[2]

After the jury was discharged, GIT moved for judgment on its indemnity claim.[3] As one of its responses to GIT's

---

[1] Paragraph 21 of the contract between GIT and Humbert provides:

"[Humbert] agrees to indemnify and save harmless [GIT] from and against any and all suits, claims, actions, losses, costs, penalties and damages, whatsoever kind or nature, including attorney fees, arising out of, in connection with, or incident to [Humbert's] performance of this SUBCONTRACT."

[2] The jury was not given the option of deciding the indemnity question if it found GIT not liable to Precision. Neither party objected to the form of the special verdicts, or to entry of judgment on the verdict.

[3] The Oregon Rules of Civil Procedure do not provide for a post-verdict motion for judgment, after the jury has been discharged, on a claim submitted to the jury, but left undecided because of the form of the verdict.

motion, Humbert argued that it was the prevailing party in the third-party action, and was entitled to attorney fees from GIT. The trial court entered judgment against GIT on the indemnity claim, but denied Humbert attorney fees. Both parties appeal and assign error to the court's judgment.

■     Because Humbert's claim for attorney fees is dependant on its having prevailed in the indemnity action, we first determine whether the trial court erred when it entered judgment against GIT on the indemnity claim. GIT argues that, by not objecting to the special verdict forms, the parties waived their right to have the jury decide the indemnity claim, and that the trial court, under ORCP 61B, should have made the findings necessary to determine that claim. We disagree.

ORCP 61B provides, in part:

"The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. * * * The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue. If in doing so the court omits any issue of fact raised by the pleadings or by the evidence, each party waives the right to a trial by jury of the issue so omitted unless before the jury retires such party demands its submission to the jury. As to an issue omitted without such demand, the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict."

ORCP 61B is patterned after Federal Rule of Civil Procedure 49(a). Because no Oregon cases are on point, we turn to federal cases for guidance. FRCP 49 "puts the burden of securing a jury verdict on all of the issues squarely on the parties." 9 Wright & Miller, *Federal Practice and Procedure* § 2507 (1971). The purpose of the rule is to avoid the hazard of the verdict remaining incomplete and indecisive when the jury did not decide every element of recovery or defense. *Guidry v. Kem Mfg. Co.*, 598 F2d 402, 406 (5th Cir 1979), *cert den* 445 US 929 (1980). The plain language of FRCP 49[4] indicates that, when an issue has been omitted from the

---

[4] The relevant language of ORCP 61B is identical.

special verdict interrogatories, the parties must propose additional interrogatories for submission to the jury before it retires; otherwise, the right to a jury trial on that issue is waived. Further, if a jury trial has been waived on an issue by failure to demand its submission, the trial court may make independent findings of fact on that issue. 9 Wright & Miller, *Federal Practice and Procedure* § 2507 (1971). *See also Goeken v. Kay*, 751 F2d 469 (1st Cir 1985); *Carter v. Aetna Casualty & Surety Co.*, 473 F2d 1071 (8th Cir 1973).

However, judicial factfinding under FRCP 49 is not without limits. In *Kinnel v. Mid-Atlantic Mausoleums, Inc.*, 850 F2d 958, 965 (3d Cir 1988), the court said that FRCP 49 "was designed to have the court supply an omitted subsidiary finding which would complete the jury's determination or verdict." In *Kinnel*, the plaintiff sued a mausoleum builder and its founder for breach of contract and fraudulent misrepresentation. The case was submitted to the jury on special interrogatories, but the verdict form contained no questions regarding the liability of the founder.[5] The jury returned a verdict against the builder. However, the trial court entered judgment against both the founder and the builder. The Third Circuit reversed the verdict against the founder, concluding that, under FRCP 49, the trial court could make a finding subsidiary to the ultimate verdict, but it could not determine the founder's liability, because that would be a denial of his Seventh Amendment right to a jury trial. 850 F2d at 966. Other circuits take a similar approach. *See, e.g., Wahpeton Canvas Co., Inc. v. Frontier, Inc.*, 870 F2d 1546 (Fed Cir 1989); *Anderson v. Cryovac, Inc.*, 862 F2d 910 (1st Cir 1988); *In re Randall*, 712 F2d 1275 (8th Cir 1983).

We find the reasoning behind those courts' interpretation of FRCP 49 persuasive and equally applicable to ORCP 61B. Here, as in *Kinnel*, the jury did not reach the issue of the liability of one of the parties, because that question was not put to it in the verdict form. GIT asserts that, in this case, the parties waived the right to a jury trial, and that the trial court had the authority to make findings on the indemnity claim. However, the court's determination of the indemnity claim on the merits would be a judicial determination of the

---

[5] In *Kinnel*, as here, none of the parties objected to the form of the special verdict.

parties' liability, not a subsidiary finding that would complete the jury's verdict. ORCP 61B, like FRCP 49, forbids that result. We agree with the trial court that it did not have the authority to determine the indemnity claim on its merits. However, the trial court could properly enter judgment against GIT on that claim, because GIT had not caused it to be presented to the jury. GIT asserts no other theory for reversal of the trial court's judgment on the cross-appeal, and we affirm.

■ On the appeal, Humbert argues that the trial court erred because it did not award Humbert attorney fees. Having prevailed on GIT's indemnity claim, it argues that it was entitled to its reasonable attorney fees, costs and disbursements pursuant to ORS 20.096(1). That statute provides:

> "In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and disbursements."

The purpose of the statute is to allow both parties to a contract the same right to collect attorney fees despite one-sided contractual provisions. *Jewell v. Triple B. Enterprises*, 290 Or 885, 889, 626 P2d 1383 (1981). Here, the contract between GIT and Humbert included a provision allowing attorney fees to the prevailing party in an action to enforce the contract.[6] However, neither GIT nor Humbert referred to that provision in the pleadings or at trial.

On appeal, Humbert argues that it was entitled to attorney fees under the attorney fees provision of the contract. GIT contends that, because Humbert failed to plead or argue at trial that it was entitled to an award of attorney fees under paragraph 29 of the contract, its argument was not preserved. However, Humbert alleged in its counterclaim that it was entitled to an award of attorney fees under ORS

---

[6] Paragraph 29 of the contract provides:

"Should any party hereto be required to institute legal action against another party hereto to enforce the performance of this agreement or to collect monies owed pursuant hereto, said parties shall be entitled, in addition to all other amounts, to recover a reasonable attorney's fee plus all costs of court."

20.096(1). At trial, Humbert argued that it was entitled to attorney fees, without stating a basis for that award. Together with its pleading, that argument is referable to the contract provision regarding attorney fees because that statutory provision only relates to attorney fees under a contract. We conclude that Humbert's argument was preserved. GIT makes no other substantive arguments that Humbert, as prevailing party, is not entitled to attorney fees. The trial court erred in denying Humbert attorney fees.

On appeal, reversed and remanded for an award of attorney fees; affirmed on cross-appeal.