On respondent - cross-appellant's petition for reconsideration filed March 3, reconsideration allowed; opinion (233 Or App 272, 226 P3d 45) modified adhered to as modified June 9, 2010

### H. H. TAYLOR,
C. A. Taylor,
and Taylor & Taylor, Inc.,
an Oregon corporation,
*Plaintiffs-Appellants*
*Cross-Respondents,*

*v.*

### RAMSAY-GERDING CONSTRUCTION COMPANY,
an Oregon corporation,
*Defendant,*

*and*

### CHEMREX, INC.,
a foreign corporation,
*Defendant-Respondent*
*Cross-Appellant.*

### RAMSAY-GERDING CONSTRUCTION COMPANY,
an Oregon corporation,
*Third-Party Plaintiff,*

*v.*

### TFC ENTERPRISES, INC.,
an Oregon corporation,
dba Finishers Drywall;
ChemRex, Inc.,
a foreign corporation;
Century West Engineering Corporation,
an Oregon corporation;
Wyatt Architects and Associates, P. S.;
and Donald Trail,
*Third-Party Defendants.*

Lincoln County Circuit Court
015188; A127434

234 P3d 129

Todd S. Baran for petition.

Before Schuman, Presiding Judge, and Landau, Judge, and Ortega, Judge.

ORTEGA, J.

**ORTEGA, J.**

Defendant ChemRex seeks reconsideration of our opinion on remand from the Oregon Supreme Court, 233 Or App 272, 226 P3d 45 (2010), in which we affirmed the jury's verdict in favor of plaintiffs on their breach of warranty claim. We allow reconsideration to address two contentions and adhere to our opinion as modified by the following discussion.

■     Defendant first asks that we address its second argument in its first assignment of error, in which it asserted that it was entitled to a directed verdict on plaintiffs' breach of warranty claim because the alleged representations of defendant's agent, McDonald, were not the basis for any bargain between plaintiffs and defendant and, thus, could not create a warranty. Defendant asserts that the contract to purchase the stucco system had already been agreed to before the pivotal meeting with McDonald; thus, any representation by McDonald about the stucco system was not a basis for the relevant bargain.

The jury's verdict will not be disturbed unless there is no evidence to support it. *Taylor v. Ramsay-Gerding Construction Co.*, 345 Or 403, 409, 196 P3d 532 (2008). We have reviewed the record and conclude that there is evidence from which the jury could find that McDonald's warranty representations were central to plaintiffs' decision to go forward with construction using defendant's stucco system notwithstanding the fact that plaintiffs had developed concerns about the system shortly after stucco application had commenced. Accordingly, defendant was not entitled to a directed verdict on plaintiffs' breach of warranty claim.

Defendant next asks us to reconsider that portion of our opinion addressing its second assignment of error on cross-appeal, in which it contends that the trial court erred in removing its statute of limitations defense from the jury's consideration. We review again the procedural aspects of the issue.

At trial, defendant sought judgment on the pleadings and summary judgment, on the ground that the individual plaintiffs' breach of warranty claim, which had been

asserted for the first time in an amended complaint filed on August 8, 2003, was barred by the four-year limitation period. The trial court denied defendant's motions, determining that the filing of Ramsay-Gerding's third-party complaint in April 2002 brought defendant into the action within the statutory period pursuant to ORCP 22 C (third-party practice) and that no separate summons by the individual plaintiffs was required. Further, the court stated, by virtue of Ramsay-Gerding's third-party complaint, defendant "was properly added as a party before expiration of the period of limitations."

The record shows that both parties continued to assume, after the trial court's rulings on those motions, that the statute of limitations defense was still in the case. After both parties presented their evidence, defendant sought a directed verdict on the statute of limitations issue and also requested an instruction on the issue of discovery of the breach of warranty. The court denied the motion for directed verdict. In developing special verdict questions, the parties and the court discussed the statute of limitations defense, and the court proposed and the parties agreed to a special verdict question addressing the statute of limitations issue. In closing argument, plaintiffs' counsel made reference to the statute of limitations defense and told the jury, "[s]o the first question is, did plaintiffs * * * file their breach of warranty claim within the time allowed for [by] law?" He explained to the jury that, "in order to find somehow that [plaintiffs] didn't file this in a timely manner, you have to find that they knew before August 11th of [1999] that they had a rust problem out at the hotel."

After plaintiffs' closing argument, the trial court called for a short recess and explained to the parties that its prior rulings meant that the statute of limitations "stopped running" when defendant was named in Ramsay-Gerding's third-party complaint. It appears that this was the first time that the parties were aware of the court's view that it had ruled as a matter of law that plaintiffs' claim was timely. Plaintiffs' counsel stated, "Seems like with that, we don't have any evidence of a statute of limitations problem." Defendant's counsel agreed: "Well, if that's your ruling, we don't need the instruction." Defendant subsequently acquiesced in

plaintiffs' counsel's suggestion that, in light of the trial court's view of the effect of the Ramsay-Gerding third-party complaint, the question of the statute of limitations with respect to the individual plaintiffs had been resolved and did not need to be submitted to the jury. The trial court withdrew the issue from the jury's consideration.

█       In our opinion on remand, we declined to address defendant's assignment of error, agreeing with plaintiffs that the arguments had been waived. Citing ORCP 61 B, we reasoned that, despite having raised the defense in multiple procedural contexts, defendant waived it by failing, at the time the matter was submitted to the jury, to voice an objection when the trial court determined that the jury need not consider it.

In its petition for reconsideration, defendant asks that we reconsider our conclusion in light of the Supreme Court's recent decision in *Charles v. Palomo*, 347 Or 695, 227 P3d 737 (2010), in which the court reiterated the requirements for preservation of error, and that we address the statute of limitations assignment of error on its merits.

In *Charles*, which was decided after our opinion on remand, the court had before it the question whether a party had adequately objected to the trial court's refusal to allow rebuttal argument, so as to preserve the error for appeal. The trial court began to give jury instructions before the plaintiff's attorney had had a chance to present rebuttal argument. The plaintiff's attorney objected, asking for an opportunity for rebuttal. The court called the attorneys to the bench and explained that there would be no opportunity for rebuttal. The plaintiff's attorney responded "okay" and returned to counsel table. On appeal, the plaintiff contended that the trial court had erred in failing to allow rebuttal. The defendant asserted that the plaintiff had waived or failed to preserve the objection by saying "okay" after the trial court had refused the request for rebuttal. This court agreed that the error was unpreserved because of the plaintiff's failure to express disagreement with the trial court's ruling. The Supreme Court reversed, reasoning that the request for rebuttal was sufficient to preserve the error:

> "It was apparent from plaintiff's comment [requesting rebuttal] that he disagreed with the trial court's action in proceeding to instruct the jury without giving him the opportunity for rebuttal. The fact that plaintiff made his request politely and did not use the word 'objection' does not make his objection inadequate. It is true that plaintiff did not make a further objection to the court's oral *ruling*— denying rebuttal—once that ruling had already been made. But parties are not required to repeat their objections after the trial court has ruled against them. *See [State v.] Hitz*, 307 Or [183, 187, 766 P2d 373 (1988)] (party did not waive objection by 'not pressing it in her oral argument to the trial court')."

347 Or at 701-02 (emphasis in original). As the court further explained,

> "the determination whether a particular issue was pre-served for appeal is a 'practical one'; *it* will depend on whether the policies behind the preservation require-ment—judicial efficiency, full development of the record, and procedural fairness to the parties and the trial court— are met in an individual case. *State v. Parkins*, 346 Or 333, 340-41, 211 P3d 262 (2009)."

347 Or at 700. Thus, the court held in *Charles* that an issue is preserved for appellate review if it has been raised below "with enough particularity to assure that the trial court was able to 'identify its alleged error' so as to 'consider and correct the error immediately, if correction is warranted.'" *Id.* Defendant asserts that, under the standard set forth in *Charles*, it preserved its contention that, notwithstanding the trial court's legal ruling, the evidence presented a ques-tion for the jury as to when plaintiffs discovered the alleged breach of warranty.

It is true that, several times during the trial, includ-ing immediately after the close of the evidence, defendant asserted that there was a question of fact for the jury as to whether plaintiffs' complaint had been filed within the stat-utory period. As noted, just before the matter was submitted to the jury, the trial court rejected that contention, explain-ing that the effect of its prior ruling on defendant's motions for judgment on the pleadings and for summary judgment

was that the filing of the third-party complaint by Ramsay-Gerding brought defendant into the case within the statutory period as a matter of law—in effect, granting a directed verdict to plaintiffs on the limitations issue. Defendant did not object to the trial court's explanation of the effect of its prior rulings. Just before the court submitted the case to the jury, plaintiffs' counsel told the court that the jury did not need to decide the statute of limitations issue with respect to the individual plaintiffs, and defendant's counsel agreed. In light of the court's understanding of its own prior rulings, it was logical for the court to conclude that there was no need for a jury determination of that dispute. However, the court's explanation of its prior rulings on defendant's motions was the first direct ruling by the court that plaintiffs were entitled to prevail on the statute of limitations, and defendant did not raise an objection.

We adhere to our conclusion in our opinion on remand that, pursuant to ORCP 61 B, defendant was required to voice an objection to the court's decision to remove that issue from the jury in order to avoid waiving the right to a jury trial of that issue. ORCP 61 B provides that if, in submitting a matter to the jury by special verdict, the court omits any issue of fact raised by the pleadings or the evidence, a party "waives the right to a trial by jury of the issue so omitted unless before the jury retires such party demands its submission to the jury." *Precision Lumber Co. v. Martin Marietta Corp.*, 125 Or App 34, 37-38, 865 P2d 376 (1993) (right to a jury trial at issue waived if not submitted on special verdict). *Charles*, which dealt with a question of preservation of error, did not address that independent procedural requirement of ORCP 61 B. Apart from whether the question was adequately preserved, that rule also required, as a procedural matter, that defendant demand that the statute of limitations defense be submitted to the jury. *See Pau v. Yosemite Park and Curry Co.*, 928 F2d 880 (9th Cir 1991) (addressing similar issue under identical Federal Rule of Civil Procedure). Here, although the issue of the statute of limitations had been addressed in various contexts during the trial, at the point at which the trial court first ruled that the matter should not go to the jury, defendant did not voice an objection. We therefore adhere to our conclusion that, having

failed to object to the trial court's failure to submit the statute of limitations defense to the jury, defendant cannot now be heard on that issue on appeal.

Reconsideration allowed; opinion modified and adhered to as modified.