On petitioner on review's petition for reconsideration filed July 8, petition for reconsideration allowed; former opinion (348 Or 442, 235 P3d 668) modified and adhered to as modified; respondent on review's statement of costs and disbursements allowed in amounts and on conditions described in this opinion December 30, 2010

The ESTATE OF MICHELLE SCHWARZ, Deceased,
by and through her Personal Representative,
Paul Scott Schwarz,
*Petitioner on Review,*

*v.*

PHILIP MORRIS INCORPORATED,
nka Philip Morris USA Inc.,
a foreign corporation,
*Respondent on Review.*

(CC 000201376; CA A118589; SC S053644)

246 P3d 479

Maureen Leonard, Portland, filed the petition for reconsideration for petitioner on review. With her were Robert K. Udziela, D. Lawrence Wobbrock, Charles S. Tauman, and Richard A. Lane.

Sharon A. Rudnick, Harrang Long Gary Rudnick P.C., Eugene, filed the reply for respondent on review. With her were William F. Gary and Susan D. Marmaduke.

Before De Muniz, Chief Justice, and Durham, Balmer, Walters, and Kistler, Justices.*

WALTERS, J.

---

\* Gillette and Linder, JJ., did not participate in the consideration or decision of this petition for reconsideration.

**WALTERS, J.**

■ The matter before the court is plaintiff's petition for reconsideration of our decision in *Estate of Michelle Schwarz v. Philip Morris Inc.*, 348 Or 442, 235 P3d 668 (2010). On reconsideration, we clarify that the issue on remand is not whether defendant is liable for punitive damages, but rather what is the correct amount of those damages. We also address defendant's statement of costs and disbursements and allow it in part and disallow it in part. In all other respects, we adhere to our prior opinion.

At trial of this case, the court instructed the jury that, to recover punitive damages, plaintiff had to show, by clear and convincing evidence, that defendant had " 'shown a reckless and outrageous indifference to a highly unreasonable risk of harm and [had] acted with a conscious indifference to the health, safety, and welfare of others.' " 348 Or at 447. By awarding punitive damages in any amount, the jury necessarily found that defendant's conduct was as described and that defendant was liable for punitive damages. Defendant did not challenge, on appeal, the sufficiency of the evidence to support that conclusion, and that conclusion is not subject to retrial on remand. As we explained in our earlier opinion, *id.* at 458, the jury was permitted to use evidence of harm to others to assess the reprehensibility of defendant's conduct and, working from that factual premise, to determine defendant's liability for punitive damages, and the trial court did not err in that aspect of its instruction to the jury.

The trial court also instructed the jury that, if it found that defendant's conduct was as described, it could consider various factors, including the likelihood of serious harm and the degree of defendant's awareness of that harm, and award an amount of punitive damages not to exceed $300 million. In doing so, the trial court erred in failing to inform the jury that, while it could use evidence of harm to others to determine the reprehensibility of defendant's conduct, it could not directly punish the defendant for that harm. *Id.* Thus, that error likely affected the jury's determination of the amount of punitive damages to award and that was the limited reason that we decided that a new trial was necessary. We remanded this case to the trial court for a "new trial

limited to the question of punitive damages." *Id.* at 460. That wording may lack precision. The logic of our earlier opinion made it plain that the trial court's instructional error had incorrectly stated the law that governed the jury's determination of the amount of punitive damages, not the jury's decision that punitive damages should be awarded. We therefore clarify that, in remanding for a new trial, we intended to remand for a new trial limited to the *amount* of punitive damages.

In our earlier opinion, we designated defendant as the prevailing party on appeal and awarded defendant its costs on review. Plaintiff requests that we reconsider our decision awarding costs to defendant and exercise discretion to deny costs to defendant, or, in the alternative, order that costs abide the result on retrial, citing ORAP 13.05(4) (allowing costs to abide the outcome on remand in cases "in which the party who ultimately will prevail remains to be determined").

We adhere to our ruling awarding costs to defendant. Defendant was the prevailing party on review by this court and therefore is entitled to recover the costs it incurred in this court. ORS 20.310(1) (in any appeal to the Court of Appeals or review by the Supreme Court, court "shall" allow costs and disbursements to the prevailing party, with some exceptions). As to plaintiff's alternative request that we provide that the award of costs on review abide the result on retrial under ORAP 13.05(4), we find that that provision does not apply under the circumstances presented in this case. The party who ultimately will prevail does not "remain to be determined." Plaintiff already has obtained a judgment against defendant, part of which was affirmed on appeal, and, when a final judgment eventually is entered by the trial court, plaintiff will be the party who prevails on remand. Although we therefore decline to provide that the award of costs on review must abide the result on remand, we do think it appropriate to provide that the effective date of the cost award will be the effective date of the trial court's judgment on remand. We will determine the amount of the allowable costs on review, but we will not include that amount in the appellate judgment. Defendant will be entitled to that sum

when the trial court issues its judgment at the conclusion of this matter on remand.

■ With regard to the amount of costs and disbursements on review, defendant filed a statement of those costs and disbursements seeking the total sum of $561,816.84, plus $638 per day from July 1, 2010, until the letter of credit procured by defendant is released. Plaintiff filed objections to the cost bill, including an objection that defendant had waived any claim for costs incurred before the Court of Appeals. Plaintiff asserted that defendant did not timely submit a claim for those costs under ORS 20.320 (cost statement must be filed 21 days from the date of the appellate court's decision) and ORAP 13.05(5)(a) (same; also providing that the filing of a petition for review or reconsideration does not suspend the time for filing a cost statement). Plaintiff's objection is well taken, and we disallow defendant's request for costs that it did not seek within 21 days of the decision of the Court of Appeals. Those disallowed costs include the transcript costs ($10,037.80) and costs related to maintaining the letter of credit prior to the issuance of the Court of Appeals decision. We allow the prevailing party fee ($100), the filing fee ($140), and the cost of filing briefs in the Supreme Court ($255.10). We also allow the cost of maintaining the letter of credit after the Court of Appeals issued its decision ($367,205.82 through June 30, 2010). The total amount of allowed costs is $367,700.92, plus $638 per day from July 1, 2010, until release of the letter of credit or issuance of the appellate judgment, whichever occurs first.

The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified. Respondent on review's statement of costs and disbursements is allowed in the amounts and on the conditions described in this opinion.