Argued and submitted February 5, 2013, affirmed January 2, petition for review denied May 8, 2014 (355 Or 380)

Maria Del Pilar DELGADO,
*Plaintiff,*
*and*

Maria De Los Angeles Tafoya GUTIERREZ,
Juan Felipe Magdalena, and
Abdias Cortez Liberio,
*Plaintiffs-Respondents,*

*v.*

DEL MONTE FRESH PRODUCE, N. A., INC.,
a Florida foreign business corporation,
dba Del Monte Fresh Produce, Co.,
*Defendant-Appellant,*
*and*

STAFFCO MANAGEMENT GROUP, INC.,
a North Carolina corporation,
dba American Staffing Resources,
*Defendant.*

DEL MONTE FRESH PRODUCE, N. A., INC.,
a Florida foreign business corporation,
dba Del Monte Fresh Produce, Co.,
*Third-Party Plaintiff,*

*v.*

STAFFCO MANAGEMENT GROUP, INC.,
a North Carolina corporation,
dba American Staffing Resources,
*Third-Party Defendant.*

Multnomah County Circuit Court
071011657; A147612 (Control), A149378

317 P3d 419

Douglas E. Smith, Washington, argued the cause for appellant. On the briefs were Brad C. Stanford, Kimberly Hanks McGair, and Farleigh Wada Witt; and David R. Fine, Amy L. Groff, and K&L Gates LLP, Pennsylvania.

Kathryn H. Clarke argued the cause for respondents. With her on the brief were Arthur Schmidt, Julie Samples, and Oregon Law Center; James E. McCandlish, Mark E. Griffin, and Griffin & McCandlish; and Phil Goldsmith and Law Offices of Phil Goldsmith.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

NAKAMOTO, J.

**NAKAMOTO, J.**

In this class action wage and hour case, defendant Del Monte Fresh Produce, N.A., Inc., appeals after a special jury verdict for plaintiffs and the trial court's subsequent awards of statutory penalty wages and attorney fees for plaintiffs. On appeal, defendant raises four assignments of error. We reject defendant's third and fourth assignments of error without discussion. In its first assignment of error, defendant argues that the trial court erred by refusing to decertify the class at trial. In its second assignment of error, defendant argues that, although the jury found that it was a joint "employer" of the class members under the definition of that term in ORS 653.010(3), a narrower definition of "employer" applies to the assessment of penalty wages under ORS 652.150; thus, defendant contends, the trial court erred in awarding class members penalty wages on summary judgment based on the jury finding. Because the trial court did not abuse its discretion in denying defendant's motion to decertify the class and because the trial court correctly found that defendant was an employer liable for penalty wages—consonant with the special verdict and after defendant waived a jury determination on that issue—we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The relevant facts are primarily procedural. Plaintiffs are class representatives for a class consisting of minimum wage production workers who worked at defendant's fresh-cut produce plant in Portland, Oregon, between the dates of January 1, 2006 and June 12, 2007. During the class time period, Staffco Management Group, Inc., (Staffco) provided the production workers to defendant to work at the plant. Plaintiffs brought the class action against defendant and Staffco for, among other claims, violations of the Oregon wage and hour laws.[1] Plaintiffs alleged that the production workers donned necessary protective clothing before clocking into work, doffed the clothing after clocking out of work, and donned and doffed the clothing during the required 30-minute meal breaks, which resulted in uncompensated

---

[1] Plaintiffs dismissed the claims against Staffco before the jury trial on class issues.

work time. Because Staffco was the direct employer of the production workers, one of the issues in plaintiffs' case against defendant was whether defendant was a joint employer of the workers with Staffco under the applicable statutes.

The trial court conditionally certified the class, analyzing each of the class certification requirements under ORCP 32 A and B. In the case management order, the trial court removed the conditions on certification and identified the following class issues:

> "(1) whether defendants jointly employed the class members; (2) whether defendants required class members as a matter of policy or regular practice[] to 'don and doff' required work clothes on their own time, resulting in violations of Oregon law; (3) whether defendants required class members as a matter of policy or regular practice to work without pay in lieu of taking lunch breaks, resulting in violations of Oregon law; (4) whether defendants charged class members as a matter of policy or regular practice for required protective gear (cloth gloves and plastic aprons), resulting in violations of Oregon law; (5) whether [defendant] breached the terms of the 2006 Settlement Agreement as to the class; and (6) whether defendants failed to pay class members all wages that were due when their employment ended as a matter of policy or regular practice, resulting in liability for statutory penalties under ORS 652.150."

(Footnote omitted.) The case management order further provided that the case would proceed as follows: (1) discovery on class issues, (2) dispositive motions on class issues, (3) jury trial on class issues, (4) submission of claims by class members, (5) contests to individual claims by defendants, (6) discovery on individual contested claims, (7) dispositive motions on individual contested claims, and (8) trials on remaining individual contested claims.

After the completion of class discovery, the parties brought cross-motions for summary judgment on the issue of whether defendant was an employer of the class members. In its motion, defendant raised the argument that there were two different definitions of "employer" that applied to plaintiffs' claims—one that arose under ORS chapter 653 of the wage and hour laws and would determine defendant's

liability as a joint employer of the class members, and one that arose under ORS 652.150 that would determine whether defendant could be required to pay penalty wages as an employer of the class members. The trial court denied both parties' motions, determining that issues of fact existed as to whether defendant was an employer of the class members under either definition advanced by defendant.

During trial, at the close of plaintiffs' evidence and then at the close of all evidence, defendant moved to decertify the class, arguing that the class representatives lacked typicality and that the class issues did not predominate over individual issues. Specifically, defendant argued that, based on some of the witnesses' testimony that they observed other workers donning and doffing on the clock, that they did not don and doff off the clock, and that there was no policy requiring workers to don and doff off the clock, it had a right to make individual inquiries as to why each class member worked off the clock and did not submit a time adjustment form. Defendant reasoned that, because it was entitled to individualized inquiries, class issues did not predominate.

The trial court denied both of defendant's motions to decertify the class. After defendant's renewed motion at the close of evidence, the trial court ruled as follows:

"At this juncture, [defendant] has been very consistent in its insistence that this case is not appropriate for class action treatment. I initially conditionally approved a class action treatment and then removed the condition many months ago.

"Nothing in the evidence as it was presented to me in this case has convinced me that that decision was ill-advised. I think there is evidence from which a reasonable juror could conclude that class members were treated sufficiently similarly to support class action treatment in this case.

"Now, whether the jury makes that conclusion or not would be a matter for the jury to decide. But, at this juncture, I'm going to deny the motion for decertification of the class."

The trial court submitted the case to the jury both on the class issues and liability. On liability, the court gave

the jury instructions on the factors to consider in determining whether defendant was a joint employer of the class members:

> "The following factors should be considered in determining whether a joint employment relationship exists: (1) the nature and degree of control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the power to determine the pay rates or the methods of payment of the workers; (4) the right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers; and (5) preparation of payroll and the payment of wages."

The instruction also set out further explanation of when a company has the right to control the workers, four functions related to the right to control that make joint employment more likely, and eight other factors that make "[j]oint employment [] more likely to exist." Defendant took exception to the instruction given on joint employment, arguing that either of its two proposed versions should have been given instead. Defendant's proposed instructions focused on the right to control, including additional indicia of employment factors, and provided more detailed explanation of the eight joint employment factors. However, defendant did not ask for a jury instruction reflecting its legal interpretation of "employer" under the penalty wage statute, which focused on whether Staffco was defendant's agent under the common law.

The trial court also gave the jury a special verdict form. One of the questions asked the jury, "During the relevant time period, was [defendant] a 'joint employer' of the minimum wage production workers at the Del Monte plant?" The court had agreed to revise that question in accordance with a request defendant had made. But, as with the jury instructions, defendant did not request that the court revise the question, or include another question in the special verdict form, to separately address defendant's status as an "employer" for purposes of penalty wages. The jury returned a special verdict for the class members on the donning and doffing issues, finding that there was a "custom or practice of requiring or permitting minimum wage production workers" at defendant's plant to don work clothes before clocking in, to doff work clothes after clocking out, and to don

and doff work clothes during their meal periods. The jury also found that defendant was a joint employer of the class members.

Following trial and the claims process, plaintiffs moved for partial summary judgment to resolve damages for all the class claimants who filed claims. Plaintiffs sought for each claimant nominal damages of $1, representing one day of donning or doffing off the clock, plus 30 days of penalty wages under ORS 652.150. Defendant opposed that motion, in part based upon its argument that a different definition of "employer" applies to statutory penalty wages in ORS 652.150 than was submitted to the jury on the question of whether defendant was the joint employer of the class members. Defendant further argued that genuine issues of fact existed as to whether defendant was an employer under ORS 652.150.

The trial court rejected defendant's argument, concluding that

"the jury has already determined that [defendant] and Staffco are joint employers of the minimum wage production workers at the Del Monte facility during the relevant time period. The court concurs in that determination for the reasons stated in the court's June, 2009 Opinion Re Cross-Motions for Partial Summary Judgment and the analysis in *Torres-Lopez v. May*, 111 F3d 633 (9th Cir 1997). Thus, [defendant] is an 'employer' that is liable for statutory penalties based on the jury's verdict and as a matter of law."

The trial court then directed the parties to identify which claimants were eligible for class-wide relief. After that effort, the trial court granted plaintiffs' motion as to some claimants, denied the motion as to some claimants because issues of fact existed, and dismissed the claims of other claimants.

The court entered a limited judgment in favor of 306 class members for a total aggregate award of $720,741.86 against defendant. Following further proceedings, the trial court entered a general judgment in favor of an additional 32 class members for an additional aggregate award of $73,358.67 against defendant. The trial court then awarded attorneys fees, litigation expenses, and costs to plaintiffs pursuant to ORS 653.055(4) and ORS 652.200 and entered a supplemental judgment reflecting that award.

Defendant appeals the limited judgment, general judgment, and supplemental judgment and advances four assignments of error: (1) The trial court erred in refusing to decertify the class at the close of evidence during trial; (2) the trial court erred in granting statutory penalty wages on summary judgment because issues of fact existed as to whether defendant was an "employer" under that statute; (3) the trial court erred in denying defendant's motion for a mistrial; and (4) the trial court erred in awarding attorney fees under ORS 652.200. As noted at the outset, we affirm as to the last two assignments of error and write only to address defendant's first two assignments.

## MOTION TO DECERTIFY THE CLASS

We begin with defendant's assignment of error to the trial court's denial of defendant's motion to decertify the class made near the end of trial, at the close of evidence. Defendant argues that representative witness testimony introduced by plaintiffs was insufficient in both quantity and quality to support a finding of class-wide liability and, thus, the trial court should have decertified the class.[2] Specifically, defendant argues that plaintiffs' witnesses did not fairly represent the class or provide sufficient evidence to meet plaintiffs' burden under the burden-shifting scheme in *Anderson v. Mt. Clemens Pottery Co.*, 328 US 680, 66 S Ct 1187, 90 L Ed 1515 (1946), because (1) they did not testify as to the entire class time period, all work shifts, or all work types; (2) the number of witnesses was statistically too small given the size of the potential class; (3) the witnesses were not a "random" sample of the class; and (4) the witnesses' testimony was inconsistent with regard to the class claims.

Plaintiffs assert that defendant failed to preserve its contentions below. A party claiming error is required to preserve the error in the trial court before we will consider

---

[2] Defendant made an additional argument in support of decertification at oral argument that does not appear in the opening brief—specifically, that the jury verdict did not establish that each and every class member adhered to the custom or practice of donning and doffing off the clock as demonstrated by the subsequent notice and claim form sent to class members. We will not entertain arguments that are raised for the first time at oral argument before this court. *State v. Rivera-Negrete*, 233 Or App 96, 102, 224 P3d 702 (2009).

it on appeal. ORAP 5.45(1). The preservation rule allows the opposing party an opportunity to respond and the trial court an opportunity to understand the position and avoid or correct the error. *Quick Collect, Inc. v. Higgins*, 258 Or App 234, 239, 308 P3d 1089 (2013). We agree that defendant did not preserve three of the issues it now raises for reversal that relate to the quantity and quality of the evidence.

At trial, defendant was consistent in its arguments that it was seeking decertification based on the witnesses' inconsistent testimony regarding donning and doffing at defendant's plant, only one of the four suggested defects in the evidence that defendant points to on appeal. Defendant did not rely on *Mt. Clemens Pottery* or make any of the other "quality and quantity" contentions that defendant now asserts, which are qualitatively different than the argument defendant did assert when it moved for decertification of the class. Although defendant maintains that all of its current bases for reversal were preserved because it made similar arguments after the trial, when it moved for judgment notwithstanding the verdict and for a new trial, we review the trial court's ruling on defendant's motion to decertify the class based on the record before the trial court at the time of its ruling and not based on subsequent proceedings to which no error has been assigned on appeal. *See State ex rel Dewberry v. Kulongoski*, 220 Or App 345, 355, 187 P3d 220 (2008), *aff'd*, 346 Or 260, 210 P3d 884 (2009) ("[I]n reviewing the correctness of the trial court's dismissal—which was, of course, entered long before the federal court disposed of the subsequent declaratory judgment case—we must do so based on the record before the trial court at the time it ruled."); *see also* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule * * *.").

Accordingly, we conclude that defendant preserved only its contention that the trial court should have decertified the class at trial because the witnesses' testimony was too inconsistent to establish a class issue of liability and failed to meet the class certification requirements of typicality, commonality, and predominance. We now turn to that issue.

"Whether, for purposes of class certification, a question is a common or individual one and whether common questions predominate are legal questions, which we decide anew, based on the record before the trial court and the trial court's findings, if any." *Pearson v. Philip Morris, Inc.*, 257 Or App 106, 109, 306 P3d 665 (2013) (citing *Bernard v. First Nat'l. Bank*, 275 Or 145, 154, 550 P2d 1203 (1976)). "Whether a class action would be superior to other methods of adjudication is a matter of judicial administration, which we review for abuse of discretion." *Id.* (citing *Newman v. Tualatin Development Co. Inc.*, 287 Or 47, 51, 597 P2d 800 (1979)). We apply that standard of review to motions to decertify a class. *Belknap v. U. S. Bank National Association*, 235 Or App 658, 667, 234 P3d 1041 (2010), *rev den*, 349 Or 654 (2011). For the following reasons, we conclude that the trial court acted well within its discretion.

At the outset, we note that defendant attempted to decertify the class very late in the litigation process. Defendant moved to decertify the class only after plaintiffs had prepared for and the trial court had started the trial on class-wide issues based on the certification of the class in the case management order. The arguments defendant raised in favor of decertification were based on witness inconsistency. Defendant knew or should have known well before trial that it would present testimony from workers in an attempt to call into question whether all workers were subject to a custom or practice of off-the-clock donning and doffing of work clothes. The timing of defendant's decertification motion on that basis, which defendant does not attempt to justify, supports the trial court's exercise of discretion to deny the motion.

We also reject defendant's arguments concerning the prerequisites for class certification. We first address defendant's typicality argument. Under ORCP 32 A(3), a class action can be maintained only if, among other things, "The claims or defenses of the representative parties are typical of the claims or defenses of the class[.]" "[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of members and his or her claims are based on the same legal theory."

*Newman v. Tualatin Development Co. Inc.*, 287 Or 47, 50, 597 P2d 800 (1979) (adopting test under identical language in *former* ORS 13.220, *repealed by* Or Laws 1979, ch 284, § 199). That test is easily met here, and defendant has not offered any argument explaining why it is not. All the class members are minimum wage production workers who were employed at the same facility during a specified time period. The claims of all class members, including the class representatives, are based on the theory that defendant had a custom or practice of requiring or permitting the production workers to don and doff necessary work clothing off the clock and during the meal break, resulting in unpaid work time in violation of Oregon law. All class members' claims, including the class representatives' claims, were dependent upon the same practice or course-of-conduct evidence to prove that theory. On that basis, we conclude that the claims of the class representatives are typical of the class.

We next address defendant's commonality argument. An additional requirement for class certification is that "[t]here are questions of law or fact common to the class[.]" ORCP 32 A(2). We recently "identified the test for determining whether a question can be fairly litigated based on evidence common to the class." *Pearson*, 257 Or App at 157. We concluded,

"when determining whether a question is common or individual, a court is determining how the question should be litigated; it is not resolving the question itself. In other words, it is determining whether it is possible and appropriate for the parties to litigate the question through evidence common to the class, which depends on the likelihood that valid conclusions can be drawn about the class as a whole. That, in turn, depends on the likelihood that, at the times relevant to the disputed question, the putative class members were similarly situated or acted in a similar manner."

*Id.* at 156 (distilling test from *Bernard*, 275 Or 145, *Derenco v. Benj. Franklin Fed. Sav. and Loan*, 281 Or 533, 577 P2d 477, *cert den*, 439 US 1051 (1978), and *Guinasso v. Pacific First Federal*, 89 Or App 270, 749 P2d 577, *rev den*, 305 Or 672 (1988)).

Under that framework, the question, as raised by defendant, is whether it was unlikely that a substantial number of the class members were subject to and followed an employer custom or practice of requiring or permitting donning and doffing work clothes off the clock or during the 30-minute meal break. Contrary to defendant's urging, we do not answer that question by looking at whether plaintiffs presented sufficiently representational testimony to carry its initial burden of proof at trial on liability.[3] Rather, the class certification question requires us to look at whether the claimed common issues are susceptible to and appropriate for proof by common evidence.

First, as a general matter, this is the type of question that is susceptible to, and appropriate for, proof on a class-wide basis. Plaintiffs sought to prove their case by showing defendant had a custom or practice that it applied to all the employees within the subject class. Proof of an employer custom or practice necessarily requires class-wide common proof.

---

[3] Defendant suggested in its reply brief and stated at oral argument that it is not challenging the sufficiency of the evidence to send the class questions to the jury. Rather, defendant expressed that it challenges only class certification under ORCP 32, the issue we address here. Defendant's arguments as briefed, however, focus on the sufficiency of the evidence to send the issues to the jury, a different question. See Strawn v. Farmers Ins. Co., 350 Or 336, 351, 258 P3d 1199, adh'd to on recons, 350 Or 521, 256 P3d 100 (2011), cert den, 132 S Ct 1142 (2012) (discussing a challenge to the sufficiency of representational evidence to meet. the burden of proof for all class members in the context of whether defendant was entitled to a directed verdict). The cases defendant relies on address only whether the plaintiff presented sufficient evidence to meet its burden of proof as to all employees, even those not testifying, so as to justify an award of damages (i.e., was the testimony sufficiently representational under Mt. Clemens Pottery to create a reasonable inference as to the amount and extent of unpaid work so as to shift the burden of proof to the employer). See Secretary of Labor v. DeSisto, 929 F2d 789, 793-94 (1st Cir 1991) (discussing whether the Secretary submitted sufficient representational evidence to meet the initial burden of proof at trial); McLaughlin v. Ho Fat Seto, 850 F2d 586, 589 (9th Cir 1988), cert den, 488 US 1040 (1989) (same); Donovan v. Williams Oil Co., 717 F2d 503, 505-06 (10th Cir 1983) (same); Reich v. Southern Maryland Hosp., Inc., 43 F3d 949, 951-52 (4th Cir 1995) (same). See also Bell v. Farmers Ins. Exch., 115 Cal App 4th 715, 9 Cal Rptr 3d 544, 573-74 (2004) (discussing whether use of statistical inferences to support a class-wide aggregate damage award improperly relieved class members of their burden to prove they worked overtime). Those cases (and defendant's arguments premised on them) do not address whether common issues of the class are susceptible to adjudication on common evidence or whether common questions predominate.

Second, the evidence here supports the trial court's conclusion that class treatment was appropriate. Plaintiffs presented witnesses who testified about the practices at defendant's plant with regard to donning and doffing required clothing, about what they saw other employees doing, and about what they personally did. Defendant attacks that evidence because it was inconsistent, in that some witnesses testified that sometimes they, and other employees, donned or doffed on the clock and sometimes off the clock. However, plaintiffs did not need to prove what all class members did every single day they worked at the plant, *viz.*, whether each class member adhered to the custom or practice each time he or she donned or doffed. Plaintiffs only needed to show that the class was cohesive enough to support class treatment. *Pearson*, 257 Or App at 163 ("At the class-certification stage, plaintiffs needed to demonstrate only that the class is sufficiently cohesive."). Plaintiffs met that burden. They established that it was unlikely that a substantial number of class members were not subject to or did not follow a custom or practice of donning and doffing off the clock and during meal breaks. Defendant's argument based on *Mt. Clemens Pottery* misapprehends the difference between plaintiffs' burden to show that an issue is susceptible to proof by common evidence to support class certification and plaintiffs' burden of proof to send an issue to the jury for decision on a class-wide basis.

We next turn to whether the common issues predominated over individual issues, which is a factor a trial court addresses in determining whether a class action is "superior to other available methods for the fair and efficient adjudication of the controversy." ORCP 32 B. The trial court recognized in its original certification order that "individual class members' claims may differ on the issue of liability to some extent, and individual damage claims will all be different." However, the court also recognized that there are many common issues and "[i]t makes little sense to have those common questions decided in a piecemeal fashion in individual lawsuits." The court also found that other factors in ORCP 32 B weighed in favor of certification, including that a prior class settlement with defendant contemplated future class-wide relief on these issues, individual lawsuits

presented practical difficulties for the individual class members, and class treatment was more likely to afford significant relief. ORCP 32 B(5), (7), and (8).

We review whether class certification would be superior for abuse of discretion, but we review the subfactor, whether common issues predominate, for legal error. *Pearson*, 257 Or App at 109. We conclude that the trial court correctly ruled that common issues predominate over individual issues in this case. As discussed above, the common issues were susceptible to common proof. Plaintiffs presented evidence that included observations about whether other class members donned and doffed off the clock and during meal breaks, not just whether the testifying witnesses did. A class action is not inappropriate simply because each class member will have to make an individualized showing to recover damages. A showing that a class member is eligible to recover—such as by a sworn statement or other proof that the individual did in fact don and doff off the clock and during meal breaks and how often—is not a separate issue of liability on the class issue; the need for an individualized showing on the part of the class members arises only after the jury makes the central determination of defendant's liability to the class as a whole. Also, any individual issue of eligibility relies on the same facts the class member must provide to prove the amount of damages owed to him or her, so it does not create an additional burden that defeats the practical superiority of class treatment. *See Pearson*, 257 Or App at 167.

In light of our conclusion on the predominance of common issues, the other factors supporting class litigation that the trial court identified, and the timing of the motion to decertify, we conclude that the trial court did not abuse its discretion by denying defendant's motion to decertify the class. Accordingly, we affirm the court's ruling.

## PENALTY WAGES

Defendant next assigns error to the trial court's award of statutory penalty wages to plaintiffs on summary judgment. Summary judgment is appropriate when "there is no genuine issue as to any material fact and [] the moving party is entitled

to prevail as a matter of law." ORCP 47 C. When the material facts are not in dispute, we review for errors of law. *Oregon Southwest, LLC v. Kvaternik*, 214 Or App 404, 413, 164 P3d 1226 (2007), *rev den*, 344 Or 390 (2008).

Defendant raises on appeal one of the arguments that it asserted in opposition to plaintiffs' motion for partial summary judgment: that the jury verdict finding that defendant was a joint employer of the class members could not provide a basis to conclude that defendant was an "employer" of the class members for the purpose of awarding penalty wages under ORS 652.150. In overview, defendant contends that (1) because the jury was not instructed on the appropriate definition of "employer" for purposes of awarding penalty wages, the trial court was required, but failed, to determine whether there was any material factual dispute as to defendant's status as an employer under the relevant definition and (2) there was a factual dispute that precluded summary judgment.

Specifically, defendant argues that, based on *Taylor v. Werner Enterprises, Inc.*, 329 Or 461, 988 P2d 384 (1999), the definition of "employer" in ORS 652.310(1) governs whether defendant was plaintiffs' employer under ORS 652.150. Under ORS 652.310(1), "employer" is defined as "any person who in this state, directly or through an agent, engages personal services of one or more employees * * *." Defendant argues that it was not plaintiffs' employer under ORS 652.310(1) because Staffco was not an "agent" of defendant as that term is used under the common law. Defendant further argues that the jury verdict did not decide this factual issue because a different test for employment was submitted to the jury. The definition of "employ" in ORS 653.010(2), which "includes to suffer or permit to work," governed whether defendant was plaintiffs' joint employer for purposes of defendant's liability in this case. The jury was instructed on that issue based on factors set out in *Torres-Lopez*, 111 F3d at 639-40 (the "economic reality" test), and the right-to-control test,[4] and the jury found that defendant

---

[4] We have recently disavowed cases in which we have approved the right-to-control test in evaluating an employment relationship under ORS 653.010. *See Cejas Commercial Interiors, Inc. v. Torres-Lizama*, 260 Or App 87, 100-04, 316 P3d 389 (2013).

was a joint employer of the class members. Accordingly, defendant asserts that the trial court erred when it granted statutory penalty wages to plaintiffs on summary judgment because a question of material fact existed as to whether defendant was plaintiffs' employer under the definition in ORS 652.310(1).

Plaintiffs first respond that defendant did not preserve that issue because defendant did not raise it during trial or ask for a jury instruction on it. Plaintiffs further respond that defendant's argument fails on the merits because ORS 653.055(1)(b) provides that an employer who violates the laws set out in ORS 653.010 to 653.261 is liable for the penalties set out in ORS 652.150. Because liability under ORS 653.055 is based on the definition of employer under ORS 653.010(2)—to suffer or permit to work—plaintiffs argue that the jury's finding that defendant was a joint employer is all that is needed to establish defendant's liability for penalty wages under ORS 652.150.

For the reasons that follow, we conclude that defendant's argument is precluded by ORCP 61 B, which governs the use of special verdicts such as the one submitted to the jury in this case. That rule provides in relevant part as follows:

> "If * * * the court omits any issue of fact raised by the pleadings or by the evidence, each party waives the right to a trial by jury of the issue so omitted unless before the jury retires such party demands its submission to the jury. *As to an issue omitted without such demand, the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict.*"

ORCP 61 B (emphasis added). We have explained that the rule, which is modeled on FRCP 49(a), "'puts the burden of securing a jury verdict on all of the issues squarely on the parties.'" *Precision Lumber Co. v. Martin Marietta Corp.*, 125 Or App 34, 37, 865 P2d 376 (1993), *rev den*, 318 Or 381 (1994) (quoting 9 Wright & Miller, *Federal Practice and Procedure* § 2507 (1971)). "The purpose of the rule is to avoid the hazard of the verdict remaining incomplete and indecisive when the jury did not decide every element of recovery

or defense." *Id.* In accordance with that purpose, for any omitted issue, ORCP 61 B provides the means of completion: The court may make its own finding on the omitted issue or "it shall be deemed to have made a finding in accord with the judgment on the special verdict." In *Precision Lumber Co.*, we stated that, in accordance with ORCP 61 B, a trial court may make "a subsidiary finding that would complete the jury's verdict." 125 Or App at 39.

The trial court did so in this case, making its own finding on defendant's "employer" status for purposes of liability for penalty wages, in accordance with the jury's special verdict. As the trial court explained in its order, the jury determined that defendant and Staffco were joint employers of the workers and the court

> "*concurs in that determination* for the reasons stated in the court's June, 2009 Opinion Re Cross-Motions for Partial Summary Judgment and the analysis in *Torres-Lopez v. May*, 111 F3d 633 (9th Cir 1997). Thus, [defendant] is an 'employer' that is liable for statutory penalties based on the jury's verdict and as a matter of law."

(Emphasis added.)

In the referenced June 2009 opinion, the trial court had denied the parties' pretrial cross-motions for partial summary judgment on defendant's employer status because some of the same issues of material fact existed as to both of the definitions of employer advanced by defendant. The trial court concluded, as defendant had argued, that the Supreme Court in *Taylor* held that an employer for purposes of ORS 652.150, the penalty wage statute at issue, is governed by the definition of employer in ORS 652.310(1). Under defendant's view of that definition, which focused on whether Staffco had engaged the workers as defendant's "agent," the trial court concluded that defendant could be an employer if it controlled Staffco, which then acted on defendant's behalf with the workers. The court determined that there were factual disputes for trial on that question based on the record developed as to defendant's joint employer status, *e.g.*, evidence that defendant's "inspectors" spent significant amounts of time watching the workers and directing Staffco supervisors on how to direct the workers and evidence that

defendant could reject specific Staffco workers. The trial court correctly determined that, in answering "yes" to the question whether defendant was a joint employer of the workers at the Del Monte plant, the jury found facts establishing that defendant employed the workers in conjunction with Staffco, which directly hired the workers. Because the trial court concluded that similar issues of fact were presented by either definition advanced by defendant, the trial court properly considered the jury verdict in plaintiffs' favor on those issues of fact when the court determined that defendant was an employer liable for penalty wages. *See, e.g., Floyd v. Laws*, 929 F2d 1390, 1397 (9th Cir 1991) (stating that, "under Rule 49(a), the trial court simply cannot choose to ignore a legitimate finding that is part of the special verdict").

In addition, we have repeatedly held that, when a party has failed to demand that an issue of fact be submitted to the jury or fails to object to the trial court taking an issue of fact away from the jury, the party waives any objection to the factual issue not being submitted to the jury. *Precision Lumber Co.*, 125 Or App at 37-38 (noting that "when an issue has been omitted" from a special verdict, "the parties must propose additional interrogatories for submission to the jury before it retires; otherwise, the right to a jury trial on that issue is waived"); *Taylor v. Ramsay-Gerding Construction Co.*, 235 Or App 524, 531, 234 P3d 129 (2010) ("holding that defendant was required to voice an objection to the court's decision to remove that issue from the jury in order to avoid waiving the right to a jury trial of that issue"); *see also State ex rel Sam's Texaco & Towing v. Gallagher*, 314 Or 652, 663, 842 P2d 383 (1992) (a party must object to the form of a question in the special verdict form before the jury retires, otherwise the right to raise the issue is waived). Because defendant did not advance at trial the legal issue it raised after trial, it waived any right to have a jury decide any additional or different fact issues related to its employer status under ORS 652.150 that defendant believes existed. ORCP 61 B.

To counter the application of ORCP 61 B, defendant argues that *plaintiffs* were required to seek the jury's determination as to whether defendant was an employer under

the terms of ORS 652.310(1). Defendant asserts that it was not required to raise the issue during trial because plaintiffs bore the burden to prove its status as an "employer" under ORS 652.310(1). Defendant, however, tries to place a requirement on plaintiffs that did not exist given the parties' litigation of the issue in the trial court.

Defendant raised the argument that the definition of "employer" under ORS 652.310(1) required a narrower showing before statutory penalty wages could be assessed against it. Plaintiffs, however, consistently disputed that "employer" for purposes of penalty wages required a different or narrower showing than the joint-employer question submitted to the jury. The trial court did not make a definitive legal conclusion on the issue before trial. It was never plaintiffs' responsibility to advance a legal theory or set of jury instructions that would support defendant's argument. That responsibility—to make the argument to the trial court and to request jury instructions supporting it—remained defendant's. *See Estate of Michelle Schwarz v. Philip Morris Inc.*, 348 Or 442, 455, 235 P3d 668, *adh'd to as mod on recons*, 349 Or 521, 246 P3d 479 (2010) ("It is of course true that, under Oregon Law, no party is required to request a jury instruction that advances the other party's theory of the case.").

Defendant also argues that it was not required to raise the issue during trial because the issue of penalty wages was not in play at trial. However, the procedural history of this case demonstrates that, contrary to the position advanced by defendant on appeal, any class-wide fact issues related to penalties under ORS 652.150 were indeed at issue in the jury trial.

At the beginning of the case, the trial court issued a case management order setting out the following pertinent class issues: "(1) whether defendants jointly employed the class members" and "(6) whether defendants failed to pay class members all wages that were due when their employment ended as a matter of policy or regular practice, resulting in liability for statutory penalties under ORS 652.150." Thus, under the terms of the case management order, class issues included fact issues related to whether defendant

employed the class members and whether defendant could be liable for statutory penalty wages under ORS 652.150. Then, before trial and at the time identified in the case management order for dispositive motions on *class issues*, defendant raised its argument that there were two different definitions of "employer" that applied to plaintiffs' claims. By raising the issue at the time for dispositive motions on class issues, defendant clearly understood that it was a class issue that needed to be submitted to the jury during the trial on class issues. Despite that understanding and despite the trial court's order identifying defendant's employer status as a fact issue for the jury, defendant failed to seek a separate jury determination at trial as to whether defendant was an "employer" under the narrower definition defendant asserts applies to statutory penalty wages.

Because defendant failed to demand submission to the jury of the class-wide factual issue it believed existed, defendant waived the right to a jury trial on that issue. As a result and pursuant to ORCP 61 B, the trial court was entitled to enter a judgment consistent with the jury verdict, including the factual finding that defendant was the employer of the class members, and it did not err in doing so. Accordingly, we affirm the trial court's award of statutory penalty wages to plaintiffs on summary judgment.

Affirmed.