No. 253            March 19, 2025            215

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL ROBERT FRIAS,
aka Michael Robert Frais,
*Defendant-Appellant.*

Clackamas County Circuit Court
22CR05175, 19CR83646, 19CR83903, 21CR51617;
A180427 (Control), A180450, A180451, A180877

Ulanda L. Watkins, Judge.

Submitted September 27, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and Mooney, Senior Judge.

MOONEY, S. J.

Affirmed.

**MOONEY, S. J.**

Defendant appeals multiple judgments of conviction in this consolidated appeal. He raises an evidentiary assignment of error concerning the trial court's ruling to "admit[] State's Exhibit 11 as a voice exemplar," as well as an instructional assignment of error concerning the court's decision not to give defendant's requested circumstantial evidence instruction. Defendant seeks reversal of the convictions in Clackamas County Circuit Court Case No. 22CR05175 that were based on the jury's verdict, including two second-degree robbery convictions, and several menacing convictions. We reject the first assignment as unpreserved, and we conclude that the trial court did not err when it declined to give defendant's requested jury instruction; therefore, we affirm.

*Voice Exemplar.* The state offered an audio clip of defendant's voice recorded during a police interview in one of the severed cases as a "voice exemplar" for the jury to use to compare against the voice of the perpetrator that was captured on a security video during one of the robberies at issue here. Defendant argues on appeal that the state's voice exemplar evidence was inadmissible "because it constituted scientific evidence and the state failed to lay an adequate foundation for scientific evidence." But we must first determine whether he preserved that argument in the trial court. ORAP 5.45(1). As we explain below, defendant did not do so and we, therefore, reject his first assignment as unpreserved.

The trial court, on defendant's request, severed the various charges into two trials: one for charges connected to a pair of coffee shop robberies, and one for charges related to burglaries at a credit union and a Fred Meyer store. On the morning of trial, the state discussed its intent to offer into evidence an audio clip of a police interview with defendant that was related to the credit union charges as evidence of defendant's identity in the context of the coffee shop robbery charges. Defendant initially objected to the audio clip as irrelevant and prejudicial because it concerned criminal charges that had been severed from the coffee shop charges. He also objected to the use of the audio clip because it was not "sufficient to make a scientifically valid voice identification."

The parties discussed two different clips and there was some disagreement about the potential prejudicial effect of each. Ultimately, defendant maintained his objections based on relevance and prejudice, but noted that "as a comparison" the clip offered by the state "seems sufficient[.]" Defendant renewed his "previously noted" objections when the state offered the 34-second audio clip during trial.

Defendant did not preserve his argument that it was error to receive the audio clip for the purpose of voice comparison because—as a voice exemplar—it is scientific evidence that requires a proper scientific foundation to be admitted. There is an important difference between an objection to the sufficiency of the audio clip in terms of its duration or technical quality, and an objection to the clip as scientific evidence that depends on a proper scientific foundation for its admissibility. That difference is animated by the parties'—and the court's—focus on which clip would minimize the potential for prejudice and the sufficiency of the length of the selected clip for use as a voice exemplar. Defendant did not make—and the trial court did not rule on—the argument defendant now advances on appeal. And given that defendant has not requested plain error review, we reject his first assignment of error as unpreserved. *State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) ("[W]e ordinarily will not proceed to the question of plain error unless [a defendant] has explicitly asked us to do so[.]").

*Jury Instruction.* Defendant requested that the court instruct the jury, in part:

> "If you can draw two or more reasonable conclusions from the circumstantial evidence and one of those reasonable conclusions points to innocence and another to guilt, you must accept the one that points to innocence."

He explained that he based the requested instruction on an instruction used in California, and he argued that it was "a correct statement of the law in Oregon." When pressed by the trial court for supporting Oregon authority, defendant cited none. We review a trial court's failure to give a requested jury instruction for legal error. *State v. Reyes-Camarena*, 330 Or 431, 441, 7 P3d 522 (2000).

Defendant argues that the trial court should have given the instruction because circumstantial evidence "is a difficult concept for jurors and the state's case consisted of entirely circumstantial evidence." But defendant's instruction does not accurately state the law, and the trial court did not err in declining to give it. *See Estate of Michelle Schwarz v. Philip Morris Inc.*, 348 Or 442, 454, 235 P3d 668, *adh'd to on recons*, 349 Or 521, 246 P3d 479 (2010) (explaining that "a proposed instruction must be complete and accurate in all respects"); *State v. Hedgpeth*, 365 Or 724, 732, 452 P3d 948 (2019) (explaining that "evidence may give rise to multiple reasonable inferences and that choice between those reasonable inferences is a matter for the jury").

Affirmed.